70   147
79   575

No. 2242.

H. A. GLENN *v.* ESTATES OF G. H. AND J. A. KIMBROUGH.

1. APPEAL—ESTATES OF DECEDENTS.—Any heir to an estate being administered may appeal from the action of the probate judge allowing a claim against the estate, without notice of appeal, and this without regard to whether he had appeared and objected to the approval of the claim. The extent of the heir's interest is immaterial, and if the judgment of the court is reversed it enures to the benefit of all the heirs in interest.

2. REVISION OF APPROVAL OF CLAIM.—The law requiring a denial under oath of the correctness of an account properly sworn to has no application in proceedings in the probate court.

3. PRACTICE—EXCEPTIONS.—When a judgment is rendered by the trial judge within two days from the adjournment of the term in a cause submitted to him in disregard of Rule 65, the judgment will not, for that cause, be reversed, unless exceptions were taken at the time.

ERROR from Orange. Tried below before the Hon. William H. Ford.

*John T. Stark,* for plaintiff in error.

No brief on file for defendant in error.

COLLARD, JUDGE. It is provided by statute of this State that the action of the probate court in approving or disapproving a claim (against an estate of a deceased person) shall have the force and effect of a final judgment, and when the claimant, or any person interested in the estate, shall be dissatisfied with such action he may appeal therefrom to the district court as from other judgments of the county court rendered in probate matters. (Rev. Stats., art. 2031.)

It is also provided that any person who may consider himself aggrieved by any decision, order, decree or judgment of the county court (in probate matters) shall have the right to appeal therefrom to the district court of the county upon complying with the provisions of other sections of the law. (Rev. Stats., 2201.) The next article prescribes that he, the appellant, shall, within fifteen days after such decision, etc., file with the county clerk a bond with two or more good and suffi-

cient sureties, payable to the county judge, and to be approved by the clerk, conditioned that the appellant shall prosecute his appeal to effect and peform the decision, order, decree or judgment which the district court shall make thereon in case the cause shall be decided against him. No notice of appeal is required by the law.

In the case at bar the administrator, R. H. Smith, allowed the account of plaintiff in error for three hundred dollars, on the seventeenth day of November, 1882, and on the twentieth of the same month the county judge duly approved it and assigned it to the fourth class. On the fifth of December, 1882, H. E. and Mary A. L. Poe, claiming to be heirs at law of decedents, filed in the probate court their bond for appeal from the order of approval, to the district court, complying with the terms of the statute, which bond was at once approved by the clerk. If they were such heirs they had the right of appeal from the action of the probate judge, and that without notice of appeal.

To entitle an heir, or a person interested in the estate otherwise than as heir, to appeal from an order of the probate court, it is not necessary that he should have appeared to contest the matter before the court and made objection to the approval of the claim. He could so appear and contest the claim (Rev. Stats., 2027), but such appearance is not made essential to the right of appeal. The statute awards the right to any person interested in the estate, without any such limitation; the only condition is that the law regulating appeals must be complied with.

It is urged, however, that H. E. and Mary A. L. Poe, if heirs at all, were only heirs of one-fourth of the estate, and though the district court could entertain their appeal and revise the judgment of the probate court, it could only do so to the extent of their interest in the estate. We can not give our assent to this proposition. Upon appeal the district court tries the whole case *de novo* for all persons interested. One person having the right of appeal and exercising it, does so for all persons having a similar right. The appeal is for the purpose of revising the management of the estate, and affects the rights of all persons interested therein. If the rule were otherwise, and one of several heirs appeal, with a favorable result and a saving to the estate, the appellant would not derive the full benefit of his ap-

peal, because upon distribution each heir would be entitled to his respective share of the estate, without regard to the appeal.

Plaintiff in error says there was no evidence showing that H. E. and Mary A. L. Poe were heirs of the estates, and asks a reversal on that ground. There being no statement of facts in the record, we can not determine the issue as to what the proof did show. We must therefore presume that there was evidence to support the judgment.

The law requiring a denial under oath of the correctness of an account properly sworn to, has no application in proceedings in the probate court. Claims presented for approval of the probate court, against an estate, may be contested without affidavit supporting the objections thereto.

Appellants had the right to appeal, if heirs of the estates, and their bond being in all respects regular, there was no error in refusing to dismiss the appeal for want of bond.

The trial judge heard the appeal on the sixteenth day of October and took the case under advisement until the first day of November, when the judgment was rendered, it being the last day of the term. The failure of the judge to render judgment at least two days before final adjournment is assigned as error. Rule sixty-five for the government of district courts, requires "that when a cause has been submitted to the judge on the law and facts, it shall be determined and a judgment rendered therein during the term and at least two days before the end of the term, if it has been tried and submitted one day before that time, unless it is continued after such submission by consent of parties placed on the record," etc. Rule 121 provides that the party prejudiced by a violation of the rules may reserve a bill of exceptions and present the same as a ground for a new trial, and assign the same as error. There was no exception reserved concerning the delay of the court in rendering judgment. Without such exception, the assignment cannot be considered by this court. Assignments of error do not take the place of bills of exceptions. The court below decided that the account of plaintiff in error was unjust and incorrect manifestly showing that the court did not consider that part of contestant's answer which set up that the account was the property of another. The ruling of the court then in refusing to strike out the answers because not sworn to if error was harmless; if there was error in the ruling it resulted in no injury

to plaintiff, as the court decided the case upon the merits of the account. Finding no error in the judgment requiring a reversal of the cause, we conclude the judgment of the district court ought to be affirmed.

*Affirmed.*

Opinion adopted February 10, 1888.