## WESTERN UNION TELEGRAPH COMPANY V. TOM O'KEEFE.
### No. 213.

**1. Notice of Appeal a Jurisdictional Fact.**

Without a notice of appeal actually given in open court the appellate court can not acquire jurisdiction of the case, even by consent of the appellee ... 426

**2. Practice Where Notice was Given, but Not Entered of Record.**

The statutes expressly confer upon the Court of Civil Appeals "the power, upon affidavit or otherwise, as by the court may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction." Laws 1892, p. 27, sec. 7. Under this provision the Court of Civil Appeals may hear evidence showing that notice of appeal had been given in a case where none appears in the transcript, and upon being satisfied that the notice had been given in open court, it may exercise jurisdiction of the case. The better practice is to allow the appellant time to perfect the record, so as to show notice ................................. 427

**3. Same—Jurisdiction on Appeal.**

Jurisdiction in an appeal depends upon the fact of notice, and not upon the record of the fact ....................................... ............... 427

**4. Same—Case in Judgment.**

The Court of Civil Appeals of its own motion dismissed an appeal for want of notice, none appearing in the transcript. On motion to reinstate, appellant showed by affidavit and certified docket entry made by the trial judge, that the appellant had given notice of appeal in open court, and time was asked to perfect the record. The court refused the motion: *Held*, error, and the case is remanded to the Court of Civil Appeals; the motion to be allowed, giving time to perfect the record ..................................... 428

ERROR to Court of Civil Appeals for Second District, in an appeal from Callahan County.

The opinion gives a full statement.

*Stanley, Spoonts & Meek*, for plaintiff in error.—1. The appearance by appellee in the Court of Civil Appeals, without objecting to the failure of the record to show notice of appeal, was a waiver of said defect in the record, and such waiver perfects the jurisdiction of that court, and it can not thereafter dismiss the appeal for want of notice of appeal in the record.

2. The jurisdiction of the Court of Civil Appeals is dependent upon what was done in the lower court, and if notice of appeal was in fact given in the lower court, the failure to embody that in the record would not defeat the jurisdiction of the appellate tribunal; and aside from the waiver, when that court discovered that no notice of appeal was in the record, it should, under the power given it to hear evidence in support of its jurisdiction, have required appellant to appear and show cause why the appeal should not be dismissed. This would have enabled the appellant to show that the court did have jurisdiction, and

saved the court from the dilemma of dismissing a case for want of jurisdiction over which it did in fact have jurisdiction.

3. The court having dismissed the case for want of jurisdiction, and it afterwards being made to appear that the court had jurisdiction, the order dismissing the case should have been set aside, because made through mistake, and the case should have been reinstated and appellant given an opportunity to perfect the record. If the jurisdiction of the Court of Civil Appeals attached upon the giving of notice of appeal and filing of bond, how can that jurisdiction be defeated by the failure of the clerk to embody said notice in the transcript?

On the proposition that the appearance by the appellee in the Court of Civil Appeals was a waiver of the defect with reference to the notice of appeal, we submit the following authorities: Elliott on Appel. Proc., sec. 529; Archey v. Knight, 61 Ind., 311; Libbey v. McIntosh, 60 Iowa, 329.

In Attoway v. Goldsmith, 18 Southwestern Reporter, 604, the record contained no notice of appeal. The opinion of the court said: "The transcript contains no notice of appeal, which is required to be given in open court and entered of record in order to perfect the appeal. There is no appearance by the appellee in this court, and for aught we know the appeal has been attempted without notice to him, at least in the manner required by law. Under such circumstances there is no waiver of the point."

Tynburn v. Cohen, 76 Texas, 418, was a case where the appeal bond was defective in not being made payable to all the appellees. This defect was not called to the attention of the court and the case was reversed, and Judge Stayton, in delivering the opinion of the court, said: "If he (appellee) desired to take advantage of this he should have done so in the proper time and manner. * * * There are expressions to be found in the opinions from which it might be inferred that the giving of a bond strictly in accordance with the statute was essential to the jurisdiction of this court, but it must be understood that the Constitution confers on this court what jurisdiction it has as to subject matter, and that parties may waive irregularities as to matters intended solely for their benefit."

Notice of appeal was certainly intended for the benefit of the appellee, in order to notify him that the case had been appealed; and if he appears in the upper court, briefs the case and submits it, what reason is there for urging that he has not waived the defect in the record? The only case that we have been able to find where the court seems to have acted on its own motion and dismissed a case for want of notice of appeal in the record is that of Holek & Co. v. Verona, 63 Texas, 65. The report of that case is so meager as to render it doubtful how the question arose in the Supreme Court, and it does not seem to have been considered or discussed as to whether there was a waiver by the

appellee in the case. If a motion had been made to dismiss the appeal for want of jurisdiction, the motion could have been defeated by showing that the court in fact had jurisdiction. The appellee not having made such motion, it seems to us unjust that the appellant should be cut off from the right to show to the court that it in fact did have jurisdiction, simply because the appeal was dismissed before any opportunity to show that fact was given to the appellant. A more liberal rule was adopted by Justice Roberts in Hart v. Weatherford, 19 Texas, 57, and in Davis v. McGehee, 24 Texas, 210, in each of which cases the submission was set aside, and notice given opposing counsel to enable him to move for a certiorari to perfect the record and file the same.

In Daniels v. Larendon, 49 Texas, 216, the court said: "In cases where it can reasonably be inferred that there are merits in an appeal or writ of error, and that serious injury will probably result from a dismissal, although no strictly legal or satisfactory excuse is given for the neglect leading to the dismissal, the court has frequently set aside the order and permitted the case to be reinstated upon terms."

The United States Supreme Court has followed the same practice in Chicago v. Bigelow, 7 Wallace, 386; and in Alviso v. United States, 6 Wallace (U. S.), 457, the court set aside an order dismissing a case for want of a citation, and permitted the appellant to show that a citation had in fact been issued, but that it had been destroyed, citing the case of The Palmyra, 12 Wheaton, 10, as an authority, in which Justice Story said: "The reinstatement of the cause was founded, in the opinion of the court, upon the plain principles of justice, and in accordance with the known practice of all judicial tribunals in like cases."

GAINES, CHIEF JUSTICE.—This cause was tried at a term of the District Court of Comanche County, which ended on the 8th day of December, 1892, and judgment was rendered for the defendant in error. An appeal bond was subsequently filed, and within ninety days thereafter the transcript was filed in the Court of Civil Appeals. The transcript failed to show that notice of appeal had been given by the defendant in the court below. The plaintiff in that court, the defendant here, made no motion to dismiss the appeal, but filed a brief upon the merits of the case. The Court of Civil Appeals subsequently dismissed the case, because no notice of appeal appeared in the record. Thereupon the appellant filed a motion to reinstate the appeal, upon the ground that the motion was in fact given, but was not entered of record. The motion was supported by an affidavit as to the fact by the attorney who tried the case, and by a certificate of the clerk of the trial court to a copy of the entry upon the judge's docket, by which the same fact was made to appear. The motion to reinstate was over-

ruled. The action of the appellate court in dismissing the appeal and in refusing to reinstate the cause are made the grounds of the application for the writ of error.

We have been unable to find in the decisions of this court any intimation that notice of appeal is not necessary to the jurisdiction of the appellate court in all cases which are sought to be brought before it by direct appeal. On the contrary, it has been frequently asserted, in effect, that the notice is jurisdictional, and that it can not be waived. Manlove v. Kinney, Dall., 493; Burr v. Lewis, 6 Texas, 76; Bennett v. Spillars, 7 Texas, 600; Hughes v. The State, 33 Texas, 683; Thomas v. Childs, 36 Texas, 148; Holek v. Varona, 63 Texas, 65; Nickerson v. Nickerson, 5 Texas Law Rev., 52; Loften v. Nalley, 28 Texas, 127; Smithwick v. Kelly, 79 Texas, 575.

In many of the cases cited there was a motion to dismiss, and in such it would seem that the remarks of the court are not authoritative upon the point before us. But there is but little doubt that in Manlove v. Kinney, in Bennett v. Spellars, and in Nickerson v. Nickerson, an appearance to the merits had been entered before the case was dismissed. Holek v. Varona was dismissed by the court of its own motion, and we find by an inspection of the original papers in that case in this court, that when the order was made there was a brief for appellee on file. Smithwick v. Kelly is also an authority in point. That case involved the validity of an appeal from the County to the District Court in a probate proceeding. No notice of appeal appeared in the transcript of the proceedings of the County Court. Upon collateral attack, the judgment of the District Court was held void for the want of such notice, although the recitals contained in it showed that the appellee had appeared and the case had been tried upon its merits. These decisions constrain us to hold, that without a notice of appeal actually given in open court, the appellate court can not acquire jurisdiction even by consent of the appellee.

If the question were an open one, we should incline to the opinion that the notice might be waived. It is universally held, that service of process designed merely to bring a defendant into court is waived by an appearance. The notice of appeal which our statutes requires to be given in open court would seem to have been intended for the sole purpose of apprising the opposite party that an appeal will be taken. It takes the place of a citation or other writ designed for the same purpose; and no very satisfactory reason suggests itself why there should be a distinction between the two. The Courts of Civil Appeals have jurisdiction over the subject matter by virtue of the organic law, and why an appellee may not waive the notice and submit to the jurisdiction we do not clearly see. It has been held under similar statutes in many of the States, that the want of notice may be waived; but

since we regard the law as settled otherwise by this court, it would serve no useful purpose to cite the cases.

We are of opinion, therefore, that the Court of Civil Appeals correctly held, that notice of appeal was necessary to the exercise of its jurisdiction; but in their refusal to reinstate the case, and to allow time to have the minutes of the trial court amended and the transcript perfected in accordance with such amendment, we do not concur.  To hold that they are without power, after the submission of a case in which the transcript does not show that the notice has been given, to permit proof that the notice had in fact been given, would lead to consequences that ought to be avoided.  We apprehend, that although instances may be found in which the court has discovered the defect in the transcript and has dismissed the case of its own motion, it has never been the practice, when no motion to dismiss has been made by the appellee, for the court to examine the record with a view to determine its jurisdiction.  It is probable that many judgments have been rendered by the appellate courts in this State in cases in which no notice of appeal appeared in the transcript. If the courts are without power to inquire into the fact after the submission of the case, all such judgments would be void even upon collateral attack; and all subsequent proceedings dependent upon such judgments, whether they be judgments of affirmance or judgments of reversal, would likewise be void.  All titles derived through such judgments would necessarily fail.  The statute expressly confers upon the Courts of Civil Appeals "the power, upon affidavit or otherwise, as by the courts may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction."  Laws 1892, sec. 7, p. 27.  We are of opinion, that under this provision the court had the power upon the evidence which was adduced before it, if satisfied by it that the notice had as a matter of fact been given in open court, to have exercised jurisdiction over the case; though we think that the regular course would have been to have granted the appellant's motion to reinstate and to allow him time to perfect the record.  Chicago v. Bigelow, 19 U. S. Law, Co-op. ed., 257.

The statute provides, that an appeal may be taken by giving notice in open court and by filing bond; and while it also makes it the duty of the clerk to enter it upon the minutes, the structure of the language employed indicates, as we think, that such entry was not to be a fact essential to the exercise of the jurisdiction of the appellate court.  Laws 1892, art. 1387, p. 43.  The jurisdiction therefore depends upon the fact of notice, and not upon the record of the fact.  In this connection we take occasion to say, that we have no doubt as to the power of the Legislature reasonably to prescribe the procedure by which an appeal may be taken, and to make a compliance with that procedure a condition precedent to the exercise of the jurisdiction of

the appellate court.    We do doubt, however, whether the Legislature ever intended to provide that without the notice the Court of Civil Appeals should be without jurisdiction, although the appellee might consent to waive the defect.

In holding that it was too late to suggest a diminution of the record and to apply for a certiorari to perfect it after the cause had been submitted, the Court of Civil Appeals followed a rule of practice which is calculated to promote the prompt dispatch of business and to preserve regularity of procedure, and which has been acted upon in more than one case in this court.    Railway v. Scott, 78 Texas, 360; Ross v. McGowan, 58 Texas, 203.    But it is a rule which has not been universally observed.    In Hart v. Weatherford, 19 Texas, 57, the submission was set aside and a certiorari to perfect the record granted.    In Davis v. McGehee, 24 Texas, 210, the court refused to set aside a submission and grant a certiorari.    The motion was not supported by affidavit, and the inference from the opinion is, that if a proper affidavit had accompanied the motion it would have been granted.    In Harris v. Hopson, 5 Texas, 529, the court say: "It would have been, we believe, more correct in practice, when a party has evidence that a portion of his record has not been embodied in the transcript sent up, and he discovers this fact after the cause has been dismissed for want of having such portion included, to make his motion to the court suggesting such matter of diminution and supporting it by affidavit or such other evidence as he can procure, and to pray a special certiorari to the clerk of the court below to send up such matters as may have been omitted." These remarks were not necessary to a decision of the question then before the court; but the rule was announced by the court for the express purpose of establishing a proper practice.    The rule so announced is strictly applicable in the case before us.

We are of opinion, for the reasons given, that the judgment of the Court of Civil Appeals should be reversed, and that the cause should be remanded to that court for further proceedings in accordance with this opinion.    And it is so ordered.

*Reversed and remanded.*

Delivered December 21, 1894.