thereto, and he was given no notice of the appointment of a jury of freeholders to view the road as prescribed by law, he was not criminally responsible for obstructing the road, where he rebuilt his fence upon its being cut down by the road overseer in opening up the road.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 163.*]

Appeal from Nolan County Court; John J. Ford, Judge.

W. T. Lewis was convicted of obstructing a public road, and appeals. Reversed and remanded.

J. F. Eidson, Chas. Lewis, Beall & Beall, and McGregor & Gaines, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was prosecuted for obstructing a public road.

It appears from the evidence that the commissioners' court of Nolan county ordered a road to be opened, known as the Blackwell and Sanco road, and it further appears that there is a dispute as to the true boundary line of sections 248 and 271, appellant owning section 248. The county surveyor surveyed these sections, and testifies that the owner of section 248 has a part of section 271 fenced, and the commissioners' court settled with the owner of section 271 for the land it desired for a road, although the land was in the inclosure belonging to appellant, all the witnesses stating that he and those under whom he claims had had the land fenced for 14 years, consequently, even though the land originally was a part of section 271, yet by lapse of time, appellant having had possession thereof, claiming same for more than 10 years, he could not be dispossessed without his consent.

The issues are so fully stated in the brief filed by Messrs. McGregor & Gaines, attorneys for appellant, we adopt it as the opinion of the court:

"In the court below appellant was found guilty of obstructing a public road. Among other errors he assigned that the verdict is contrary to the law and the evidence. Appellant owned section 248, which was immediately north of section 271, and the alleged public road was laid off to run on a line between these two sections. The record affirmatively. shows that the part of the road in question was opened over land inclosed and held by appellant as a part of section 248 for more than 14 years. The record further affirmatively shows that, if a jury of freeholders was ever appointed to view out and establish a road as prescribed by law, no written or other notice of this fact was ever served on appellant. When the commissioner and road overseer undertook to open up that portion of the road relating to section 248, they cut appellant's fence on the south side of said section, and, passing along through the south side of same, cut the fence in four places in order to go in and out in going around ravines. Appellant, finding the fence cut, rebuilt it, hence this prosecution.

"The Constitution of this state (article 1, § 17) provides that. 'no person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; and, when taken, except for the use of the state, such compensation shall be first made or secured by a deposit of money.' Again, in section 19 of the same article, it is provided that 'no citizen of this state shall be deprived of * * * property * * * except by the due course of the law of the land.' This is the organic law of this state, and it must prevail.

"It has been the uniform holding of this court that the property of the citizen cannot be taken for a public road until the statutes prescribing the 'due course of law' have been strictly followed. These statutes prescribe notice to the owner, and that compensation must first be made, neither of which was done in this case. Rev. St. arts. 4688–4694, inclusive; Bradley v. State, 22 Tex. App. 330 [2 S. W. 828]; Davidson v. State, 16 Tex. App. 336. To the same effect, see Thompson v. State, 22 Tex. App. 328 [3 S. W. 232]; Floyd v. Turner, 23 Tex. 292; Evans v. Land Co., 81 Tex. 622 [17 S. W. 232]; Railway v. Austin [Civ. App.] 40 S. W. 35."

Appellant having been in peaceable and adverse possession of the land for more than 10 years, and he having had no notice that it was sought to be condemned for public purposes, the action of the court nor the jury of view could not deprive him of his rights in the premises.

The judgment is reversed, and the cause is remanded.

---

BEVERSDORFF v. DIENGER.

(Court of Civil Appeals of Texas. San Antonio. Dec. 20, 1911. On Motion for Rehearing, Jan. 17, 1912.)

WILLS (§ 367*)—PROBATE—APPEAL—NOTICE.

Though Rev. St. 1895, art. 2255, permitting a person aggrieved by decision of the county court to appeal therefrom on compliance with provisions of that chapter, and article 2256 merely requiring filing of an appeal bond within 15 days, do not require a notice, the requirements of article 1387, relating to appeals for both district and county courts and requiring notice of appeal, are general, and an appeal cannot be taken from the probate of a will by giving bond without notice.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 832; Dec. Dig. § 367.*]

Appeal from District Court, Kendall County; R. H. Burney, Judge.

Proceedings by Joe Dienger for the probate of the will of Johanna Ulle, deceased. From a judgment admitting the will to probate, Mary Beversdorff appeals. Appeal dismissed.

Carlos Bee, for appellant. Cobbs, Taliaferro & Cunningham, for appellee.

FLY, J. In the county court of Kendall county appellee sought to probate the will of Johanna Ulle, deceased, and obtain letters testamentary for himself. The probate of the will was contested by Mary Beversdorff, a daughter of Johanna Ulle. The will was probated by the county court; the judgment probating it being rendered on June 12, 1909. No exception was urged against the judgment, and no notice of appeal given. On June 23, 1909, an appeal was attempted by filing an appeal bond in the county court. In the district court, the appeal was dismissed, because no notice of appeal was given. The legality of that action is the sole question involved in this appeal.

In article 2255, Rev. St. 1895, it is provided: "Any person who may consider himself aggrieved by any decision, order, decree or judgment of the county court, shall have the right to appeal therefrom to the district court of the county, upon complying with the provisions of this chapter." In article 2256 it is provided that the appeal bond containing certain conditions shall be filed within 15 days after such decision, order, or decree shall have been rendered. It is the contention of appellant that, no notice being required by the terms of article 2255, none was necessary, and that, having filed her appeal bond within the statutory 15 days, the appeal was perfected. In article 1387, which provides a rule in cases of appeals for both district and county courts, notice of appeal is required, and that rule is general and applies to all cases appealed, unless in terms excepted from the provisions of the rule. No exception is made in probate cases appealed from the county court; the statute being silent merely as to notice of appeal. The general law of appeals as to notice would therefore apply to probate cases appealed from the county court to the district court. No reason can be assigned for relieving that class of cases from the rule. The statute has not afforded any such relief; its silence on the subject leaving the general rule in operation.

As far back as 1855, the Supreme Court of Texas, while holding that no notice was required in the statute in regard to appeals in probate cases, held: "On general principles, he who would appeal from the judgment of any court must do so in open court at the time when the judgment is procured, and the fact should appear in the proceedings in the case. This is all the notice which, in practice, the law has been held to require in any case. In the present case the administrator appealed from the judgment of the probate court and the fact was entered of record, and we are of opinion that nothing more was necessary to give the district court jurisdiction." Battle v. Howard, 13 Tex. 348. In the case of Smithwick v. Kelly, 79 Tex. 564, 15 S. W. 486, the question under consideration was fully discussed and Battle

v. Howard indorsed, and the decision to the contrary in Glenn v. Kimbrough, 70 Tex. 147, 8 S. W. 81, by the commission of appeals, overruled. Strong reasons are given for the holding in the Smithwick v. Kelly Case, and it was made in an appeal perfected from the probate court to the district court. The court said: "That notice should be thus given we have no doubt in the absence of a law requiring notice to be given in some other manner." After referring to the decision in Glenn v. Kimbrough the court said: "We are, however, of opinion that the rule asserted in Battle v. Howard is the correct one, and persons who may not be able thus to give notice of appeal may have a judgment in probate revised in the district court on certiorari upon proper application and notice." The case of Glenn v. Kimbrough has never been cited except in the one instance, when it was overruled, but the case of Smithwick v. Kelly was cited and approved in the case of Western Union Telegraph Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945.

The appeal is dismissed.

COBBS, J., did not participate in this decision.

### On Motion for Rehearing.

FLY, J. While the decision was made in a case of trespass to try title in Smithwick v. Kelly, heretofore cited, it was directly in regard to the absolute necessity of notice of appeal being given on appeal from a judgment in probate matters in the county court to the district court, and the Smithwick-Kelly Case has been approved by the Supreme Court in the case of Western Union Tel. Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945, in an opinion delivered by the then Chief Justice R. R. Gaines. In that case it was said: "Smithwick v. Kelly is also an authority in point. That case involved the validity of an appeal from the county to the district court in a probate proceeding. No notice of an appeal appeared in the transcript of the proceedings of the county court. Upon collateral attack, the judgment of the district court was held void for the want of such notice, although the recitals contained in it showed that the appellee had appeared and the case had been tried upon its merits." These decisions are so plain that it is not necessary to discuss or construe them. The notice of appeal and the filing of an appeal bond within 15 days were absolutely necessary to give the district court jurisdiction. We could not decide differently without overruling decisions of the Supreme Court. The case of Glenn v. Kimbrough, 70 Tex. 147, 8 S. W. 81, relied on by appellant, has never been cited but once, so far as we know, by the Supreme Court, and that was in order to overrule it, or at least to adopt another and different rule.

The motion for rehearing is overruled.