BEAUMONT et al. v. NEWSOME.

(Court of Civil Appeals of Texas. Amarillo. Jan. 20, 1912.)

APPEAL AND ERROR (§ 396*)—NOTICE OF APPEAL—NECESSITY.

An appellate court cannot acquire jurisdiction where no notice of appeal was filed in the lower court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2099; Dec. Dig. § 396.*]

Appeal from District Court, Potter County; J. N. Browning, Judge.

Action by E. Newsome against M. F. Beaumont and others. From a judgment for plaintiff, defendants appeal to the Court of Civil Appeals of the Second Supreme Judicial District. Transferred to the Court of Civil Appeals. Dismissed.

C. B. Reeder, for appellants. J. L. Penry, R. E. Underwood, and Jasper N. Haney, for appellee.

HALL, J. This is an appeal from the district court of Potter county. The record has heretofore been filed with the clerk of the Court of Civil Appeals of the Second Supreme Judicial District at Ft. Worth, and by order of that court transferred to this court. A motion was filed in the Second Court of Appeals to dismiss the appeal because the record failed to show that defendant gave any notice of appeal from the judgment of the district court. That motion was sustained in a written opinion by Dunklin, Justice (139 S. W. 615). Thereafter, on December 2, 1911, the order sustaining said motion was set aside, and, as stated, the cause transferred to this court, in accordance with the provisions of sections 1 and 4 of House Bill No. 25 (Act March 11, 1911), passed by the Thirty-Second Legislature of the state of Texas, and which became effective as per opinion of the Supreme Court in the case of Southern Pacific Railway Co. v. Sorey, 140 S. W. 334.

An inspection of the record fails to disclose that any notice of appeal was given by appellant in the lower court. In the absence of such notice, the appellate court acquires no jurisdiction of the cause, and the appeal is therefore dismissed. Western Union Telegraph Company v. O'Keefe, 87 Tex. 423, 28 S. W. 945.

GRAHAM, C. J., not sitting.