## McMILLEN v. WHITE HOUSE LUMBER CO.

(Court of Civil Appeals of Texas. Amarillo. May 18, 1912.)

APPEAL AND ERROR (§ 430*)—PERFECTING APPEAL—NOTICE.

Sayles' Ann. Civ. St. 1897, art. 1387, provides that an appeal is perfected to the Court of Civil Appeals by giving notice of the appeal in open court from the judgment sought to be appealed from. *Held* that, where the record failed to show that any notice of appeal from the judgment had been given in the trial court, the appeal would be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2173, 2174, 3126; Dec. Dig. § 430.*]

Appeal from Ochiltree County Court; R. I. Hanna, Judge.

Action by the White House Lumber Company against W. M. McMillen. On appeal from a judgment of the county court disallowing a counterclaim on appeal from a justice's court allowing the same, defendant appeals. Dismissed.

W. F. Shipp, of Ochiltree, for appellant. R. T. Correll, of Ochiltree, and Crudgington, Works & Umphres, of Amarillo, for appellee.

GRAHAM, C. J. This is an attempted appeal from a judgment rendered in the county court of Ochiltree county on September 20, 1911, for the sum of $123.54, with interest.

The record is sufficient to show that the suit originated in the justice court of Ochiltree county by appellee suing appellant on a promissory note; that appellant pleaded an offset or counterclaim, which was allowed in the justice court, and judgment was rendered in appellee's favor and against appellant for the balance due on the note, after deducting the amount of the offset or counterclaim. From the judgment rendered in the justice court, appellee appealed to the county court of Ochiltree county, where a trial was had before the court, without a jury, and the offset or counterclaim was there disallowed, and judgment was rendered for appellee and against appellant for the full amount due on the note, including principal, interest, and attorney's fees. From this last judgment, appellant seeks to bring the case before this court on appeal.

No statement of facts accompanies the

record, though findings of fact and conclusions of law made by the trial court are found in the transcript.

Appellant submits the appeal in this court on several assignments of error, to the consideration of each of which by us appellee objects, on the grounds that neither of said assignments are so briefed as to warrant us in considering the same. Under the view we have of the record, however, we are not at liberty to consider any of appellant's assignments, even if they were properly briefed, for the reason that after a careful inspection of the entire record we find that it fails to show that any notice of appeal from the judgment rendered in the trial court was given in that court, as required by law.

Article 1387, Sayles' Annotated Civil Statutes, provides in substance, among other things, that one of the requisites to perfecting an appeal to this court is the giving of notice of an appeal in open court from the judgment sought to be appealed from. Beaumont v. Newsome, 143 S. W. 941.

Because no appeal from the judgment rendered in the trial court has been perfected to this court, so as to confer jurisdiction upon it to pass on the merits of the case, the cause will be dismissed from the docket of this court; and it is so ordered.