RUSSELL v. KOENNECKE.  (No. 5738.)

(Court of Civil Appeals of Texas.  San Antonio.  Dec. 13, 1916.)

1. APPEAL AND ERROR ⊂⊃509—PROCEEDINGS TO TRANSFER CAUSE—NOTICE OF APPEAL.

Where the transcript shows that no notice of appeal was given by appellant in open court, the Court of Civil Appeals has no authority to consider the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2317; Dec. Dig. ⊂⊃509.]

2. APPEAL AND ERROR ⊂⊃417(1) — PROCEEDINGS TO TRANSFER CAUSE—NOTICE OF APPEAL.

A paper which in no way identifies the case, whether by its style, file number, or the description of any judgment or order, and which is not signed, though filed with the clerk of court, does not constitute notice of appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2140, 2141; Dec. Dig. ⊂⊃ 417(1).]

3. APPEAL AND ERROR ⊂⊃417(1) — PROCEEDINGS TO TRANSFER CAUSE—NOTICE OF APPEAL.

Under Rev. Civ. St. art. 2085, providing that where the appellant is not required by law to give bonds, the appeal is perfected by the notice provided for in the preceding article, which authorizes notice of appeal in open court, a notice of appeal, made by filing a written statement with the clerk, if not brought to the attention of the court, does not amount to a notice in open court, and is not sufficient.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2140, 2141; Dec. Dig. ⊂⊃ 417(1).]

Appeal from District Court, Gillespie County; N. T. Stubbs, Judge.

Suit by A. E. Russell against Albert Koennecke.  From a judgment for defendant, plaintiff appeals.  Dismissed.

James Raley, of San Antonio, for appellant.  A. W. Moursund, of Fredericksburg, for appellee.

SWEARINGEN, J.  Appellant, A. E. Russell, filed a partition suit against appellee, A. E. Koennecke.  Appellee answered by a general demurrer to appellant's petition.  On the 22d day of February, 1916, the court rendered the following judgment:

"No. 995.  A. E. Russell v. Albert Koennecke.  February 22, 1916.  On this day came on to be heard the above numbered and styled case, defendant's demurrer to plaintiff's original petition, and after hearing the same and plaintiff's petition, it is considered by the court that the law is with the defendant, wherefore it was ordered and adjudged that the said demurrer be sustained, and, plaintiff refusing to amend, it was further ordered and adjudged that this case be and is dismissed, that the defendant, Albert Koennecke, have and recover from plaintiff, A. E. Russell and the sureties, James Raley and Jennie Raley, all costs in this behalf expended, for which execution will issue."

On February 23, 1916, the following was filed:

"Plaintiff, having filed a trial amendment, refuses to further amend, and the cause is dismissed, to which plaintiff excepts and gives notice of appeal on the ground that the petition is a good one and the demurrer was not called to the attention of the court at the first term when the business of the court did not interfere."

The only assignments complain of the order of the court sustaining the demurrer; consequently there is no statement of facts.

[1] The transcript shows no notice of appeal given by appellant in open court.  For this reason this appellate court has no authority to consider the case.  W. U. Tel. Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945; McMillan v. White House Lumber Co., 149 S. W. 734; Houston & T. C. R. Co. v. Parker, 104 Tex. 162, 135 S. W. 370; El Paso & S. W. R. Co. v. Kelley, 99 Tex. 87, 87 S. W. 660; Smithwick v. Kelly, 79 Tex. 564, 15 S. W. 486.

[2, 3] The paper filed February 23, 1916, and copied above in no way identifies the case at bar.  The style of the case and the file number do not appear on it; neither does it describe any judgment nor order, and it is not signed.  Even if it did identify the case, filing it with the clerk does not constitute notice of appeal.  Notice of appeal made in a particular manner is necessary to give this court jurisdiction of the cause.  R. C. St. art. 2085.

Furthermore, if notice of appeal could be given by filing a written statement to that effect with the clerk, still, if it was not brought to the attention of the court, it was not notice made in open court, which is the manner of giving the notice required by the statutes.  Gibson v. Singer Sewing Machine Co., 147 S. W. 284.

Because the record does not show that appellant gave notice of appeal in open court, the cause will be dismissed from the docket of this court; and it is so ordered.

Dismissed.