DAVENPORT v. KELLY. (No. 712.)

(Court of Civil Appeals of Texas. El Paso. June 7, 1917. On Rehearing, June 28, 1917.)

1. APPEAL AND ERROR ☞396—NOTICE OF APPEAL.

Under Rev. St. art. 2084, the Court of Civil Appeals is without jurisdiction to hear an appeal unless the appellant gives notice of appeal in open court during term at which final judgment is rendered, and within two days after final judgment overruling motion for new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2099, 2102, 2104, 2150.]

On Rehearing.

2. APPEAL AND ERROR ☞417(1)—NOTICE OF APPEAL.

The certificate of a trial judge, stating that appellant's attorney came to his office and stated that he wished to except to the judgment and take an appeal, does not show giving of notice of appeal necessary to perfect it, where it does not show that judge's office was place where court was then being held.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2140, 2141.]

Appeal from Comanche County Court; J. H. McMillan, Judge.

Action by R. H. Kelly, trustee, suing for the benefit of himself and the stockholders of the Farmers' & Merchants' State Bank of Gustine, Tex., against Roy J. Davenport. From a judgment for plaintiff, defendant appeals. Appeal dismissed.

Merton L. Harris, of Comanche, L. Old, of Uvalde, and H. C. King, of Sabinal, for appellant. H. N. Goodson, of Comanche, for appellee.

WALTHALL, J. This suit was brought in the county court of Comanche county by R. H. Kelly, trustee, suing therein as plaintiff,

for the benefit of himself and the stockholders of the Farmers' & Merchants' State Bank of Gustine, Tex., and against appellant, Roy J. Davenport. The cause was tried by the court, who rendered judgment in favor of appellee for the amount sued for. Appellee objects to a consideration by this court of this appeal and of the brief of appellant, on the ground that it does not appear, from the minutes of the county court, as shown by the transcript, that notice of appeal from the judgment of the trial court was given in open court.

[1] This objection is sustained by the record, and this court is without jurisdiction to hear this appeal. Article 2084, R. S., provides that an appeal may be taken during the term of the court at which the final judgment in the cause is rendered by the appellant, giving notice of appeal in open court within two days after final judgment overruling a motion for a new trial. The record does not disclose that the notice of appeal was given in open court, but shows to the contrary. Western Union Telegraph Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945; Beaumont v. Newsome, 143 S. W. 941. For the reason stated, the appeal must be dismissed, and it is so ordered.

### On Rehearing.

[2] Appellant insists that we are in error in dismissing this case for want of jurisdiction. The record does not show that notice of appeal was given in open court. The county judge who tried the case certifies that within due time, and before the adjournment of the term of the court at which the case was tried, the attorney for appellant, Merton L. Harris, "came into my office and stated that he wished to except to the judgment and take an appeal in the case, but that I, through inadvertence, failed to enter said notice of appeal and exception on the docket, and the same is not entered on the minutes for said reason." The statute provides that appeal is perfected "by the appellant giving notice of appeal in open court * * * which shall be noted on the docket and entered of record," and by filing the appeal bond. We are of the opinion that by the attorney simply going into the office of the judge and stating to the judge that he "wished to except to the judgment and take an appeal in the case," is not the giving of notice of appeal in open court. Notice of appeal given in open court takes the place of citation or other writ designed for the same purpose, and such notice is necessary to the exercise of jurisdiction of this court. Western Union Telegraph Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945. It is the giving of notice of appeal in open court that perfects the appeal. It is not shown in the certificate nor otherwise that the judge's office was the place where the court was then being held, nor that court was then open at the judge's office or elsewhere at the time the attorney expressed to the judge his wish to except to the judgment and take an appeal. In Western Union Telegraph Co. v. O'Keefe the notice of appeal was in fact given. Appellant here relies upon and refers us to the certificate of the trial judge as showing the fact of notice of appeal given in open court. We accept the certificate as to what occurred, and are of the opinion that the certificate does not show the fact that notice of appeal was given in open court. It is true that the statute does not prescribe a form of words in giving the notice, but it does prescribe the manner of giving the notice, and the place where given, and that what is done must be a notice of appeal of the case to the Court of Civil Appeals. A notice to the trial judge in his private office, conceding it to be otherwise sufficient, certainly would not be notice given in open court. The notice given in open court is intended to apprise the opposing party of the appeal taken, and is the only notice of that fact required. Russell v. Koennecke, 190 S. W. 253.

The motion is overruled.