## RAINBOLT v. GRAY. (No. 8524.)

(Court of Civil Appeals of Texas. Dallas. April 16, 1921.)

**1. Executors and administrators ⬦⟞256(3, 5) —Any person interested in estate may appeal from county court from allowance of claim without notice.**

Under Rev. St. arts. 3439–3448, 3452, any person interested in the estate of a decedent may appeal from the county court to the district court from action of the county court allowing a claim against the estate, whether or not such person appeared at all and contested the claim in the county court, and no notice of appeal need be given.

**2. Husband and wife ⬦⟞207, 243—Husband not necessary party to wife's opposition to allowance of claim by county court nor appeal therefrom; "suit."**

A married female heir had legal capacity to contest and to prosecute an appeal from action of county court allowing a claim against the estate of a decedent under Rev. St. arts. 3439–3448, 3452, and that wholly independent of her husband, since such proceedings do not constitute a suit within the contemplation of the statutes and decisions, in which the wife must be joined by her husband, and she could execute the appeal bond as the sole principal, and, husband having signed the bond as a surety, he thereby became bound as a surety to the same extent any other surety would be bound, and the bond was valid and sufficient.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Suit.]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Claim by Ed Gray against the estate of E. L. Gray, deceased, contested by Mrs. Alice Rainbolt. Judgment allowing the claim, and contestant appeals. Reversed and remanded.

J. F. Rose, of Hillsboro, for appellant.
Joy & Stollenwerck, of Hillsboro, for appellee.

HAMILTON, J. Appellee filed a claim against the estate of E. L. Gray, deceased, after it had been presented to and approved by the administrator of the estate. Appellant, a married woman, who was an heir of the deceased, and interested in his estate, objected to the allowance of the claim by the county judge. The contest thus raised was heard by the county judge, and judgment was rendered allowing a portion of the claim and disallowing the remainder of it.

Appellant's husband was living with her, and he never joined her as a party to the proceedings; neither did he ever refuse or decline to make himself a party. After the action of the county court, appellant, within the time provided by law, appealed to the district court of Hill county, and her appeal bond was executed by her as principal and by her husband and another as sureties.

When the contest reached the district court appellee filed a motion to dismiss the appeal, for the stated reason that, since appellant is a married woman, she could not be recognized as a principal on the bond unless joined by her husband, and also for the stated reason that, her husband not having refused to join her in the contest, she could not execute an appeal bond alone as principal with him as a surety, so as to prosecute the appeal. The motion was sustained, the appeal bond held fatally defective on the grounds set forth in appellee's motion, and the appeal was dismissed.

[1] Articles 3439 to 3447, Revised Civil Statutes, provide the procedure for the presentment, approval, and rejection of claims against estates of decedents. Article 3448 provides that—

"Any person interested in an estate may, at any time before the court has acted upon a claim, appear and object to the approval of the same, or any part thereof, in writing, and in such case the court shall hear proof and render such judgment as the facts and the law may require."

Article 3452 provides that any person interested in the estate, if dissatisfied with the action of the county court, may appeal therefrom to the district court, as from other judgments of the county court rendered in probate matters. And any person interested in the estate may appeal from the action of the county court, whether or not such person appeared at all and contested the claim in the county court. Glenn v. Kimbrough, 70 Tex. 148, 8 S. W. 81. No notice of appeal need be given. Glenn v. Kimbrough, supra.

[2] It appears without dispute that appellant was interested in the estate. This being so, she had a right given by express statute to contest the claim, and, having lost, she had the further statutory right to appeal. She also had the right to appeal, regardless of having made any objection to the approval of the claim in the county court. She was not without legal capacity to prosecute the appeal wholly independent of her husband. Such proceedings do not constitute a suit, within the contemplation of the statutes and decisions, in which the wife must be joined by her husband. Pierce v. Farrar, 60 Tex. Civ. App. 12, 126 S. W. 933.

There exists no requirement in law making the husband a necessary party to the character of proceeding here involved. Since Mrs. Rainbolt had the right to maintain the contest, and also to maintain the appeal, without the joinder of her husband, it necessarily follows that she could execute the appeal bond as the sole principal. Her husband having signed the bond as a surety he thereby became bound as a surety to the

same extent any other surety would be bound. The scope of the husband's liability as surety upon any obligation for the wife in behalf of her separate estate is just as comprehensive as is the scope of his liability upon similar suretyship for any other person. The bond was, therefore, valid and sufficient.

The foregoing disposes of the question presented by this appeal. But since it is necessary to reverse the judgment and remand the cause, we deem it proper to call attention to another feature disclosed by the record. The judgment appealed from appears to have been entered as a vacation order, notwithstanding the provisions of article 3446 to the effect that all claims allowed by executors and administrators after being so allowed, shall be acted upon by the court at a regular term.

For the error indicated the judgment is reversed, and the cause remanded.