BLAYLOCK et al. v. SLOCOMB. (No. 697.)

(Court of Civil Appeals of Texas. Beaumont. June 1, 1921. Rehearing Denied June 15, 1921.)

1. Appeal and error ⊜⟹396—Exception in notice of appeal not necessary for appeal from temporary injunction.

As under Vernon's Sayles' Ann. Civ. St. 1914, art 4644, a temporary injunction order may be made in chambers, out of term and without notice or hearing, a notice of appeal is not necessary to give a right of appeal from such order; the general law (article 2084) requiring exceptions to the ruling of the trial court and notice of appeal therefrom having no application.

2. Appeal and error ⊜⟹396—Exception and notice of appeal necessary to perfect appeal from final judgment perpetuating injunction.

To appeal from a final judgment perpetuating an injunction made in open court upon a hearing in term time in a trial upon the merits of the case, exception and notice of appeal required by the general law (Vernon's Sayles' Ann. Civ. St. 1914, art. 2084) is necessary, and where no exception was taken and notice given the appeal must be dismissed.

Appeal from District Court, Milam County; John Watson, Judge.

Action by S. J. Slocomb against L. L. Blaylock and others. From a judgment for plaintiff, defendants appeal. Appeal dismissed.

S. M. Burns, Jr., of Cameron, and Byers & Cavanagh, of Houston, for appellants.

Chambers & Wallace, of Cameron, for appellee.

O'QUINN, J. Appellee began this suit in the district court of Milam county, Tex., by his petition filed December 19, 1919, alleging that on said date he was the owner of a certain house and lot in the town of Cameron, Tex., and that same was his business homestead, which he had never abandoned, and that appellants had on the 10th day of December, 1919, levied an execution thereon, and by virtue thereof was advertising the same for sale, and praying for a temporary writ of injunction to restrain said sale, and that ap-

pellants Wilkins & Lange be enjoined from further levying any writ of execution on said property, and that the lien of appellants Wilkins & Lange created by the abstract of judgment theretofore recorded in said Milam county be removed as a cloud upon appellee's title to said property, and that on final hearing the said writ be made perpetual. The temporary writ was issued as prayed for, and hearing thereon set for the next regular term of the district court of said Milam county in January, 1920. The cause came up regularly for trial on March 2, 1920, before the court without a jury, and the court, after hearing the evidence, rendered judgment in favor of appellee that the property in question was appellee's business homestead, and perpetuating the writ of injunction, and granting full relief as prayed for by appellee, from which judgment this appeal is prosecuted.

At the threshold of the case, we are met with the objection of appellee that this court is without jurisdiction to determine this appeal for the reason that appellants did not except to the judgment in the court below, and that no notice of appeal was given from said judgment.

[1, 2] We have carefully inspected the whole record, and find that it fails to show that any exception to said judgment was made or any notice of appeal was given. It is well settled, under article 4644, Vernon's Sayles' Civil Statutes, that since a temporary injunction order may be made in chambers, out of term, without notice or hearing, a notice of appeal is not necessary to give a right to appeal from such order. Young v. Dudney, 140 S. W. 806; Farwell v. Babcock, 27 Tex. Civ. App. 162, 65 S. W. 512. Hence the general law (article 2084, Vernon's Sayles' Civil Statutes) requiring exceptions to the rulings of trial courts, and notice of appeal therefrom, as a condition precedent to the right of appeal, has no application in such cases, but we can find no authority for dispensing with said requirements in an effort to appeal from a final judgment perpetuating an injunction made in open court, upon a hearing in term time in a trial upon the merits of the case in its regular order. We think such exception and notice are necessary to invest this court with jurisdiction to hear this appeal, and for want of same the cause is dismissed from the docket of this court. Western Union Tel. Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945; Goldman v. Broyles, 141 S. W. 283; Beaumont v. Newsome, 143 S. W. 941; McMillen v. Lumber Co., 149 S. W. 734; Harbinson v. Cottle County, 147 S. W. 719.

Appeal dismissed.