### SEABOARD OIL & GAS CO. v. OKLAHOMA STATE BANK. (No. 9663.)

(Court of Civil Appeals of Texas. Fort Worth. June 4, 1921.)

1. **Appeal and error ⚖══397—Notice of appeal in open court necessary to sustain jurisdiction.**

Since Vernon's Sayles' Ann. Civ. St. 1914, art. 2084, provides that notice of appeal must be given by appellants in open court, and the notice shall be noted on the docket and entered of record, notice of appeal in open court is necessary to sustain the appellate jurisdiction.

2. **Appeal and error ⚖══417(1)—Recitation in a supersedeas bond that an appeal was taken is not sufficient notice of appeal.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2084, providing that a notice of appeal must be given in open court, and entered on the docket and record, a mere recitation in the supersedeas bond filed 18 days after judgment that an appeal was taken is not a sufficient notice of appeal.

Appeal from District Court, Wichita County; P. A. Martin, Judge.

Action between the Oklahoma State Bank and the Seaboard Oil & Gas Company and others. From a judgment for the Bank, the Seaboard Oil & Gas Company appeals. Appeal dismissed.

Bullington, Boone, Humphrey & Hoffman, of Wichita Falls, for appellant.

W. B. Chauncey, of Wichita Falls, for appellee.

BUCK, J. [1] This is an appeal from a judgment of the district court of Wichita county in favor of the Oklahoma State Bank, and against the Seaboard Oil & Gas Company and George W. Sterling and J. J. Mathis. The judgment fails to show that any notice of appeal was given, nor does it otherwise appear in the record, except a recitation in the supersedeas bond that—

"The Seaboard Oil & Gas Company and George W. Sterling have taken an appeal to the Court of Civil Appeals," etc.

Article 2084, V. S. Tex. Civ. Statutes, provides that an appeal may be taken—

"by the appellants giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record," etc.

Notice of appeal given in open court is necessary to sustain the jurisdiction of this court. Beaumont v. Newsome, 143 S. W. 941; Western Union Tel. Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945.

[2] We do not think a mere recitation in the supersedeas bond, filed 18 days after the judgment, that an appeal was taken, is sufficient to give this court jurisdiction, and under the authorities cited the appeal is dismissed for want of jurisdiction.