## GUARANTY STATE BANK OF WOODVILLE v. THOMAS W. BLAKE LUMBER CO. (No. 8781.)

(Court of Civil Appeals of Texas. Galveston. June 15, 1926.)

Appeal and error ⚖══397.

Notice of appeal must be given in open court to give Court of Civil Appeals jurisdiction to hear any appeal from trial court's judgment.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Suit by the Thomas W. Blake Lumber Company against the Guaranty State Bank of Woodville and others. From a judgment overruling named defendant's plea of privilege, it appeals. Appeal dismissed.

J. E. Wheat, of Woodville, and K. W. Gilmore, of Houston, for appellant.

John B. Warren, of Houston, for appellee.

LANE, J. This suit was brought by Thomas W. Blake Lumber Company in the district court of Harris county against Heyman-Pate Lumber Company, a corporation, with its office in Harris county, Tex., the R. L. Lumber Company, a corporation, with its office in Tyler county, Tex., and the appellant, Guaranty State Bank of Woodville, with its place of business in Tyler county, Tex.

The Guaranty State Bank of Woodville, in due time and in form and manner as provided by law, filed its plea of privilege to be sued in the county of its residence. Such plea was controverted by the Thomas W. Blake Lumber Company. The plea of privilege was overruled by the court on the 12th day of February, 1925, as shown by the following order:

"February 12, 1925. Plea of privilege of defendant Guaranty State Bank of Woodville overruled, to which defendant in open court excepts."

Defendant thereafter filed an appeal bond and had the clerk to prepare a transcript of the proceedings, which was in turn filed in this court.

There is nothing in the transcript to show that defendant gave notice of appeal, and, in the absence of a showing that such notice was given, there is no showing that this court has jurisdiction of the cause. In all appeals to this court from judgments of the trial court, whether such appeals be from judgments on pleas of privilege or otherwise, it is necessary to give notice of appeal in open court to give this court jurisdiction to hear and determine the matters sought to be presented. Western Union Tel. Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945, and authorities therein cited.

There being nothing in the record showing that this court has jurisdiction of the cause, the appeal is dismissed for want of jurisdiction.

Dismissed.