### WESTERGREEN et al. v. HOBBY.

#### No. 9922.

Court of Civil Appeals of Texas. Galveston. April 29, 1932.

John H. Pugh, of Houston, for appellants.

PLEASANTS, C. J.

On a former day of this term we refused a motion of appellants to file the record in this case, which was presented for filing after the expiration of the time allowed by the statute for the filing of records on appeal.

The motion to file the record shows that the transcript and statement of facts in the case were presented to the clerk of this court for

filing on December 10, 1931, and the filing refused by the clerk on the grounds that the record shows no notice of appeal and was presented too late for filing. To meet these objections, the motion to file first urges that the failure of the record to show that notice of appeal was given in open court and entered of record at the time the judgment was rendered, or the motion for new trial was overruled cannot defeat appellants' right to file the record and have their case heard in this court when the record shows that the appellee had actual notice of their intention to appeal the case, since appellee, appeared and contested application of appellants made in the court below to be permitted to present their appeal without bond upon their oath of inability to give bond or to pay the costs of appeal.

■ This contention would not be without force if the Legislature of this state had not expressly declared by article 2253, Revised Statutes (1925), that "in cases where an appeal is allowed, the appellant shall give notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which notice shall be noted on the docket or record in the minutes of the court." This statute has been uniformly held mandatory by our courts, and, unless notice of appeal is given and recorded as required thereby, the appellate court acquires no jurisdiction to hear and determine the appeal. Western Union Telegraph Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945; Beaumont v. Newsome (Tex. Civ. App.) 143 S. W. 941; Davenport v. Kelly (Tex. Civ. App.) 196 S. W. 858.

The record discloses that the judgment sought to be appealed from was rendered in the court below on the 14th day of April, 1931. Motion for a new trial filed by appellants on April 22d was overruled by the court on July 25, 1931. As before stated, the record was not presented for filing in this court until December 10, 1931. The statute as amended by an act of the last Legislature required the record to be filed in this court within sixty days after the motion for rehearing was overruled, unless for good cause shown before the expiration of the sixty days the appellate court grants an extension of the time for filing the record. Acts of 42d Legislature (1931), chapter 66, page 100 (Vernon's Ann. Civ. St. art. 1839).

No application for the extension of the time was made as provided by this statute, and no showing is made in the motion to file the record of any good cause for the delay in presenting the record for filing.

The record also shows that a second motion for a new trial was filed on October 1, 1931, by the attorney who then represented the appellants, and the attorney on the next day made application to the court for permission to withdraw the motion, stating in the application that when he filed the motion he did not know that a previous motion had been presented to and acted on by the court. This application was granted, and the motion dismissed.

The record further shows that on August 24, 1931, appellants had filed a paupers' oath in the court below as a substitute for an appeal bond in the prosecution of their intended appeal from the judgment of the trial court. This application for permission to appeal was contested by appellee until October 1, 1931, on which date the contest of appellee was not sustained by the trial court, and appellants were granted permission to prosecute their appeal upon their paupers' oath.

Under the statute regulating proceedings in the district courts of Harris county, judgments rendered in those courts become final in thirty days after the overruling of a motion for new trial, and, if the second motion for new trial filed on October 1st had not been withdrawn by the attorney who filed it, the court would have had no jurisdiction to entertain and determine the question therein presented.

■ There is nothing in the motion to file the record which shows good cause for failure of appellants to present the record within the time required by the statute. The only excuse presented is the alleged negligence of the attorney for appellants who prepared and filed the first motion for a new trial in not informing appellants that this motion had been refused on July 25, 1931, and in refusing thereafter to further represent appellants in the prosecution of the appeal. This is manifestly a matter which cannot deprive appellee of his legal rights to have his case finally determined within the time prescribed by the statute.

The motion for rehearing is overruled on both of the grounds upon which the motion to file was refused by the clerk of this court.

Overruled.