**KING, State Auditor, v. AMERICAN NAT. BANK.**

No. 8906.

Court of Civil Appeals of Texas. Austin.

July 12, 1939.

Rehearing Denied Sept. 20, 1939.

McCLENDON, Chief Justice.

The motion to dismiss is predicated upon the assertion that no notice of appeal in open court was given, and therefore this court is without jurisdiction to entertain the appeal. The record facts follow:

The judgment was rendered December 19, 1938. It does not recite that exception was taken or that notice of appeal was given. On the same day appellant filed a paper with the clerk, excepting to the judgment and giving notice of appeal, and requesting "this Honorable Court to make and file its findings of fact and conclusions of law, upon which such judgment was

based." No notation was made upon the docket with reference to this paper, and it was not carried into the minutes. January 20, 1939, the court, in response to the above request, filed findings of fact and conclusions of law. On January 26, 1939, the parties filed an agreement that certain original exhibits introduced in evidence might accompany the record on appeal; and on the same day the court entered an order approving this agreement and directing the clerk to transmit the papers with the record. February 6, 1939, attorneys for both parties signed the statement of facts. The record was filed in this court on February 16, 1939; and the motion to dismiss was not made until June 20, 1939.

This suit is one in which no appeal bond is required. R.C.S. Art. 2253, Vernon's Ann.Civ.St. art. 2253, requires that notice of appeal be given "in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record." R.C.S., Art. 2254, provides, "In cases where the appellant is not required by law to give bond on appeal, the appeal is perfected by the notice provided for in the preceding article."

From the earliest times it has been held that the giving of notice of appeal in open court is jurisdictional and can not be waived. Western Union Tel. Co. v. O'Keefe, 87 Tex. 423, 28 S.W. 945.

In Russell v. Koennecke, Tex.Civ. App., 190 S.W. 253, it was held that filing notice with the clerk does not constitute giving notice in open court. We quote from this opinion: "Furthermore, if notice of appeal could be given by filing a written statement to that effect with the clerk, still, if it was not brought to the attention of the court, it was not notice made in open court, which is the manner of giving the notice required by the statutes. Gibson v. Singer Sewing Machine Co., Tex.Civ.App., 147 S.W. 285."

While there have been a great many adjudications upon the subject, we have found none in conflict with the above holdings. For a full treatment of the subject see 3 Tex.Jur., pp. 284-89, §§ 190-194.

Appellant contends that because the motion was not filed within 30 days after the transcript was filed in this court, the failure to give notice of appeal in open court was waived, citing Court of Civil Appeals Rules Nos. 8 and 9. There is no question but that the failure to give notice of appeal in open court has been waived by appellee, if jurisdiction could be conferred by waiver. But it has been repeatedly held that this can not be done, the matter being one of jurisdiction.

The appeal is dismissed for want of jurisdiction.

Appeal dismissed.