## SCOTT v. JACKSON et al.

### No. 5158.

Court of Civil Appeals of Texas. Amarillo.

Sept. 11, 1939.

Dennis Reynolds, of Wheeler, and J. E. Anderson, of Amarillo, for appellant.

Clayton Heare, of Shamrock, for appellees.

PER CURIAM.

This case was tried before the court, without the intervention of a jury, on the 18th of May, 1939. Judgment was rendered on that day and entered upon the minutes of the court the next day. Appellant duly excepted and gave notice of appeal but the transcript and statement of facts were not presented to the clerk of this court for filing until July 24, 1939, which was sixty-six days after the final judgment was entered. The case is now before us upon a motion of appellant in which he requests an order permitting the filing of the record as of July 24, 1939, when the same was tendered to the clerk. As grounds for the motion and to show good cause to have existed within the period of sixty days after the final judgment as provided by Art. 1839, R.C.S.1925, as amended by the acts of the 43rd Legislature, p. 142, c. 67, Vernon's Ann.Civ.St. art. 1839, he alleges that, due to a situation arising late in the trial over which neither he nor his counsel had control, his counsel discontinued his participation in the trial and appellant thereafter acted as his own counsel. He alleges that he did not have occasion to see his attorney nor to interview him concerning appellate procedure from the date of the trial until on or about the 18th of July, 1939, when appellant learned that the transcript and statement of facts had not been perfected and filed in this court.

There are no allegations in the motion which indicate it was not possible for appellant to see his counsel during this more than sixty day period from May 18th to July 18th and even if such were alleged it would not, in our opinion, show good cause for not filing the record as provided by the rules. His attorney had discontinued his connection with the case and appellant does not allege he depended upon his attorney to have the record prepared and filed. Appellant assumed to conduct the litigation himself, including the preparation of the record for appeal, and the mere fact that he was not familiar with the appellate procedure and did not have occasion to consult his former counsel concerning the same until after the expiration of the sixty day period in which the law requires the transcript to be filed in the appellate court falls far short of the diligence that is required in such matters and fails utterly to show the "good cause" required by the statute. The motion will therefore be overruled. Magee v. Magee, Tex.Civ.App., 272 S.W. 252; Westergreen v. Hobby, Tex.Civ.App., 49 S.W. 2d 864.