## H. D. Patrick v. O. B. Nance.

A colonist who in 1845 settled upon and improved one of the then reserved sections of Peters' colony, and who remained thereon until the passage of the Act of January 21st, 1850, securing actual settlers in Peters' colony, was entitled to appropriate the land by certificate and survey in 1852, notwithstanding the location of a headright certificate made upon the land in 1846 by another person.

It was the duty of the District Surveyor in 1852 to have received and recorded the field notes of such settler's survey then just made by a deputy surveyor; and the rejection of the field notes by the District Surveyor, for the reason that they conflicted with a headright survey made for another party in 1846, was improper; and the settler or his vendee was thereby entitled to his legal remedy to compel the District Surveyor to record his field notes.

But where no steps were taken to compel the District Surveyor to perform his duty in this regard, and the period prescribed by law for the return of the field notes to the General Land Office was suffered to elapse without any effort to comply with the law, and the rejection of the field notes by the District Surveyor was apparently acquiesced in until the State in 1856, after the reserved lands became subject to general appropriation, parted with its title by patent to the holder of the headright certificate located on the land in 1846 :—*Held*, that, under such circumstances, the failure to return the field notes to the General Land Office within the prescribed period was fatal to the right of the settler to the land, and his vendee is precluded by such laches from impeaching the patent issued.

If the original field notes of a survey made by a deputy surveyor were not approved or recorded by the principal surveyor, they could not be properly returned to the General Land Office, nor become a record thereof; and consequently a certified copy of such field notes from the General Land Office was not admissible in evidence.

ERROR from. Dallas.    Tried below before the Hon. N. M. Burford.

This was an action of trespass to try title brought by the plaintiff in error against the defendant in error, for the recovery of a half section of land in Dallas county.

The land in controversy was part of one of the even sections of Peters' colony, and as such was reserved to the State by the colony contract.   In 1846, Orson McDaniel, by A. Patrick, as his agent, filed a headright certificate for three hundred and twenty acres on the land in controversy, and procured its survey on the 19th of December, 1846, which was recorded by the District Surveyor on the 9th of March, 1852.   In 1845 Carlos Wise, a colonist, settled on the section and made improvements, which he continued to occupy until 1851.   When A. Patrick as agent located the headright certificate in 1846, upon the land in controversy, Wise claimed the other half of the section, which included his improvements, and it was a disputed question whether he was not or would not become entitled as a colonist or settler to the whole of the section; and there was evidence to the effect that Patrick verbally engaged, in case Wise should be enabled to claim the whole of the section, to lift or float the certificate; under which engagement Wise assented to Patrick's location upon the half of the section not including Wise's improvements.   On the 15th of November, 1850, Wise, being the head of a family, received from the commissioner Ward, his settler's certificate for six hundred and forty acres, which entitled him to claim, by virtue of the Act of January 21st, 1850, the whole of the section, upon which he had the prior settlement.   On the 8th of March, 1852, a survey of the section was made under this certificate by a deputy surveyor; but the District Surveyor "rejected" the field notes because they conflicted with the survey made for McDaniel in 1846.   Wise, the colonist, conveyed the whole section to the defendant, Nance, on the 12th of

April, 1856, having put him in possession of it in 1851 under a contract of sale.

On the 2nd of April, 1856, a patent for the half section in controversy issued to McDaniel, who conveyed it to the plaintiff, H. D. Patrick, by deed of date September 12th, 1857.

There was evidence that when the defendant, Nance, purchased from Wise, in 1851, the latter informed him of the survey for McDaniel, in 1846, on which was issued the patent under which the plaintiff deraigned his title. The other material facts appear in the opinion.

The defendant set up in his answer and evidence, his title from Wise, and the latter's claim upon the land by virtue of his right as a settler under the Act of January 21st, 1850, securing to actual settlers in Peters' colony their lands and improvements.

On the trial, the defendant introduced as evidence a certified copy from the General Land Office of the survey made for Wise on the 8th of March, 1852, to which the plaintiff objected because it appeared that the field notes had never been approved or recorded by the District Surveyor.

The court overruled the objection and admitted the evidence, to which the plaintiff excepted.

There was verdict and judgment for the defendant at the Fall Term, 1859, and a motion for a new trial overruled.

*A. Bradshaw*, for the plaintiff in error.

*E. P. Nicholson*, for the defendant in error.

WHEELER, C. J. When the plaintiff's location was made, the land in question was not subject to location; and the plaintiff consequently acquired no right thereto until the issuance of his patent, after the reservation of the land from general location and appropriation had expired, in 1856. The defendant was well entitled to appropriate the land by his certificate and survey in 1852, notwithstanding the plaintiff's prior location. But the defendant's field notes were rejected by the District Surveyor on account of the conflict with the plaintiff's survey. The rejection

was improper. It was the duty of the surveyor to receive and record the field notes. But the defendant took no steps to compel the performance of his duty in this regard by the District Surveyor; and suffered the period prescribed by law for returning his field notes to the General Land Office, (O. & W. Dig., art. 1207,) to elapse without any effort whatever to comply with the law. If the defendant had instituted proceedings within the time allowed by law for the return of the field notes, to compel the surveyor to record them, it might be held, under the authority of Edwards v. James, (13 Tex. R., 52,) that he was excused from a strict compliance with the law in respect to the time of returning the field notes, by reason of his having done all that it was in his power to do to effect a compliance. But he instituted no such proceedings, and seems to have acquiesced in the rejection of his field notes by the surveyor until the State had parted with its title by issuing a patent to the plaintiff. Under these circumstances, it must, we think, he held that the failure of the defendant to return his field notes is fatal to his right to the land in question. Having lost his equity by his neglect to take the proper steps to perfect it within the time prescribed by law, he is not in a condition to impeach the patent, by which the right of the State was conveyed to the plaintiff. (Stoddard v. Chambers, 2 How. R., 318.)

The copy of the field notes from the General Land Office appears to have been improperly admitted in evidence, because the original, not having been approved or recorded by the principal surveyor, was not properly returned to, and did not become a record of, that office. The judgment is reversed and the cause remanded.

Reversed and remanded.