## CHARLES DE MONTEL ET AL. v. JAMES SPEED.

### (Case No. 4121.)

1. PRE-EMPTION CLAIM.— The right of the owner of a genuine land certificate to vacant and unappropriated public domain attaches at the date of his file and application to the proper surveyor for its survey, and cannot be defeated by the refusal of the officer to accept the location, or the subsequent issuance of patent to another party.

2. PRE-EMPTOR—STATUTE CONSTRUED.— Under the act of May 26, 1873, "for the benefit of actual occupants of public lands," a *bona fide* residence upon the land was required, and a survey made for one as a pre-emptor not so occupying was unauthorized; the same rule applies to his assignee.

3. SAME.— Such a residence, for three years in the aggregate, by the original occupant and his assignee, would, the law being complied with in other respects, entitle the assignee to the land as a pre-emptor.

4. VERDICT.— The judgment of an inferior court, based on a verdict defective in form only, will not be reversed for that cause when no objection was urged in the court below.

5. JUDGMENT.— Suit was instituted by *mandamus* to compel a survey, by the holder of a land certificate, and to cancel a patent issued to the land. The decree cancelled the patent, and decreed the land to be subject to the file and location of the plaintiff. *Held*, the fact that the record did not disclose that the surveyor was still a surveyor at the date of the judgment, was not sufficient to require a reversal.

APPEAL from Medina. Tried below before the Hon. Thos. M. Paschal.

The opinion states the case.

*Howard & Harrison* for appellants.

I. The land was not subject to location. Const., art. 14, sec. 2; Cravens *v.* Brooke, 17 Tex., 268; Thornton *v.* Murray, 50 Tex., 168.

II. The statement of facts shows an occupancy by Hodge, partly by himself, and in his absence by parties cultivating the land for him continuously. It was thought a compliance with the law both by him and by the surveyor; and there was no intentional fraud or misrepresentation shown. We submit that it was "an occupancy in good faith as a residence, or with a view to a residence," and should have been so submitted to the jury. Norvell *v.* Phillips, 46 Tex., 160; Johnson *v.* Eldridge, 49 Tex., 523.

III. Such a suit does not lie, either to enforce the location or to forfeit the improvements, which in this case are valuable. Const., art. 14, sec. 2; art. 16, sec. 18; Jones *v.* Montes, 15 Tex., 351, and cases there cited.

IV. The judgment does not conform to the pleadings, the remedy asked, or the verdict of the jury. Acts of 1876, R. S., art. 1335; Hogan *v.* Kellum, 13 Tex., 396; Hall *v.* Jackson, 3 Tex., 309.

*James H. Burts* for appellee.

I. The instructions asked by appellee, and given by the court, were in the main correctly given, and if not, could not affect the verdict. Gen. Laws 13th Leg., 101; Hubby *v.* Stokes, 22 Tex., 220; Hollingsworth *v.* Holshousen, 17 Tex., 47; Case *v.* Jennings, id., 674; Oliver *v.* Chapman, 15 Tex., 406.

II. The instructions given at request of the jury were correct, and not such of which appellant can complain. Turner *v.* Lambeth, 2 Tex., 373; Keeble *v.* Black, 4 Tex., 71; Carroll *v.* Evans, 27 Tex., 267.

GOULD, ASSOCIATE JUSTICE. — Speed, having applied to de Montel, county surveyor of Medina county, to locate and survey a specified one hundred and sixty acres of land, and his application having been rejected on the ground that the same land had been surveyed June 4, 1875, as a pre-emption, for W. P. Milligan, brought this suit April 3, 1878, against the surveyor, to compel him to make the survey, alleging the land to be vacant. By supplemental petition, filed September, 1878, he alleged that Milligan had not complied with the law; had abandoned the land and his pre-emption claim; had assigned it to Hodge in March, 1876; and that after this suit had been commenced, Hodge, with knowledge of the facts, by means of false and fraudulent affidavits, obtained the issuance of patent. He made Hodge a party, and prayed for cancellation of the patent. The defendants demurred, denied the fraud, and maintained the validity of the pre-emption claim.

At the request of the plaintiff, the court, among other instructions, gave the following:

That if they believe from the evidence that Oliver Hodge himself did not actually occupy and improve in good faith the one hundred and sixty acres for three years consecutively, from date of transfer or assignment from Milligan to him of Milligan's interest in the tract to him . to the date of the affidavit or certificate of occupancy, and that allegations of occupancy and improvement of the land in said affidavit were and are false, they will by their verdict say: "We, the jury, find the patent issued by the general land office for the said one hundred and sixty acres in controversy herein, was granted by means of a false and fraudulent affidavit, and the said land in said patent mentioned is now, and was at the date of the application of the plaintiff Speed for file of his certificate, vacant public domain of the state of Texas, and subject to location.

In response to a request for further instructions by the jury, they were told that the word " occupy " means a genuine, *bona fide*, actual residence on the land, as contradis-

tinguished from a mere temporary residence, without intention of using it as a homestead pre-emption.

That occupancy of a tract of public land "first by original pre-emptor, and then by assignee for three years in aggregate, does not entitle assignee to patent. A man must himself have occupied for three years without reference to length of time his assignor has occupied it."

The jury returned a verdict in the precise language which, as we have seen, the court told them to use, if they believed the affidavits of occupancy and improvement were false and fraudulent. Thereupon the court entered up judgment cancelling the patent and declaring the land subject to plaintiff's location.

Without undertaking to pass in detail on all the errors assigned, we proceed to state our conclusions on those questions involved, believed to be decisive of the rights of the parties and of the case.

1. If the pre-emption or homestead claim of Milligan and his assignee Hodge was involved, and the land was subject to location at the time Speed applied for it, and at the time he brought suit to compel the surveyor to accept his location and make his survey, then his right to the land attached, and was not affected by the subsequent issuance of the patent to Hodge. Edwards *v.* James, 13 Tex., 52; Patrick *v.* Nance, 26 Tex., 301; Ellis *v.* Batts, id., 705; Holloway *v.* Holloway, 30 Tex., 177; Sherwood *v.* Fleming, 25 Tex. Sup., 408; Wright *v.* Hawkins, 28 Tex., 471; Burleson *v.* Durham, 46 Tex., 157.

2. Unless Milligan occupied the land *bona fide* as a residence, the survey for him was unauthorized; and unless Hodge, his assignee, also occupied it as a residence, he was not entitled to the land under the act "For the benefit of actual occupants of the public lands," passed May 26, 1873. Burleson *v.* Durham, 46 Tex., 152.

3. Under that act the residence and occupancy for three years

in the aggregate or jointly by Milligan and Hodge would be a compliance with the law. The charge of the court to the contrary was erroneous. Palmer *v.* Chandler, 47 Tex., 334, was decided under a former statute.

· 4. The evidence, however, was so clear and satisfactory that neither Milligan nor Hodge resided on the land at all, that a verdict of the jury supporting the pre-emption claim would have been set aside. Hodge himself testified that he never lived on the place. It is manifest, therefore, that the erroneous charge operated no injury to defendants and constitutes no ground for reversal. McClane *v.* Rogers, 42 Tex., 220; Galveston, Harrisburg & S. A. R. W. Co. *v.* Dilahunty, Galveston term, 1880, and cases cited.

5. The appellants have shown no error entitling them to have the judgment reversed. The verdict of the jury, if defective in form as a general verdict, was not objected to below on that ground, and appears to be substantially a verdict for plaintiff. The claim that the suit was discontinued as to de Montel is not substantiated by the record. It does appear in the statement of facts that he was not surveyor at the time of the trial, but we are not prepared to reverse the case because of that fact.

AFFIRMED.

[Opinion delivered May 11, 1880.]