## J. T. Crosby v. F. L. Bannowsky.

No. 1104. Decided May 8, 1901.

**1.—Execution Sale—Setting Aside—Irregularities in Judgment.**

When property has been sold, under execution, for a grossly inadequate price, the court, in a proceeding to set aside the sale, will consider irregularities in the execution and in the proceedings leading up to the sale, as well as the sale itself; but errors of procedure in procuring a valid judgment can not be looked to in determining the validity of a sale made under it. (P. 451.)

**2.—Same—Citation by Publication—Failure to Appoint Attorney.**

In a proceeding to set aside a sale of land on a judgment for taxes obtained on service by publication on a defendant whose residence was unknown and who did not appear, the failure of the court to appoint an attorney (Revised Statutes, article 1211) to defend, and the consequent failure to give notice of the sale to such attorney, could not be considered in connection with inadequacy of price, as ground for setting the sale aside; such attorney is but an officer selected to aid the court in the trial, whose authority ceased when judgment was entered, and who could not have been served with notice of sale under article 2366, Revised Statutes. (Pp. 450-452.)

Question certified from the Court of Civil Appeals for the Fourth District, in an appeal from Menard County.

*Stapleton & Meek,* for appellants.—Article 1346, Civil Statutes, explicitly requires that the court shall appoint an attorney to defend the suit where service has been made by publication and no answer has been filed. Such attorney then becomes the attorney of record for the nonresident, or unknown defendant.

Article 5232g, Civil Statutes, provides that if the defendant or his attorney shall at any time before the sale file with the sheriff in whose hands the order of sale shall be placed, a written request that the property shall be divided and sold in less tracts than the whole, the officer shall sell in subdivisions, and shall only sell as many subdivisions as may be necessary to satisfy the judgment, etc.

If the trial court had complied with the law and appointed an attor-

ney to represent the defendant in the tax suit, it would have been the duty of such attorney to have protected his client. After judgment was rendered he could have communicated with the owner of the land; for it is alleged in plaintiff's petition, that he, through his agents who lived at Austin, Texas, had rendered his said land, and paid taxes on same for a long time prior, and had rendered same for the year 1895—to collect the taxes of which last year the suit had been instituted. Such appointed attorney, through the agents at Austin, one of whom had died and the other neglected to pay said taxes, could have discovered plaintiff's residence and apprised him of the judgment and impending loss of his land. Failing in that, if said attorney had been served with legal notice of said sale, he could and would have had said land subdivided, and only a sufficient quantity of it sold to pay the taxes. This would have been his duty, otherwise the appointment of such attorney would have been purely formal, and would result in no benefit to the party for whom he was appointed. These statutes were passed for the purpose of remedying evils which had existed prior to their passage.

This issue being fairly raised in plaintiff's petition, it is again insisted as in the Court of Civil Appeals, that the gross inadequacy of price paid for said land, by the defendant, coupled with this most important failure of the court and officers making said sale, affords a full and sufficient circumstance to put the purchaser on full notice and to authorize the court to set aside said sale. Bean v. City of Brownwood, 45 S. W. Rep., 897; Edwards v. Harnberger, 55 S. W. Rep., 42; Huff v. Maroney, 56 S. W. Rep., 754; Nichols v. Crosby, 29 S. W. Rep., 380; Weaver v. Nugent, 10 S. W. Rep., 461; Kaufman v. Morris, 60 Texas, 121; Jones v. Pratt, 77 Texas, 210.

*Wright & Wynn* and *L. W. Ainsworth,* for appellee.—The plaintiff's (appellant's) petition showing that the State of Texas recovered judgment against him (appellant) for taxes due on the land sued for, under which a legal order of sale was issued, advertisement had thereunder, a sheriff's sale completed by deed to the defendant (appellee), which sale and legal title plaintiff seeks to avoid by pleading that the judgment in the case of the State against himself was voidable for irregularities and that there were irregularities in the advertisement by the sheriff, shows no cause of action in a collateral proceeding. Montgomery v. Carlton, 56 Texas, 365; Buse v. Bartlett, 21 S. W. Rep., 53; Sloan v. Thompson, 23 S. W. Rep., 615; Whitney v. Krapf, 27 S. W. Rep., 843; Smith v. Olson, 56 S. W. Rep., 568; Bludworth v. Poole, 53 S. W. Rep., 717; Alston v. Emmerson, 83 Texas, 237; Sydnor v. Roberts, 13 Texas, 599; Morris v. Hastings, 7 S. W. Rep., 651; Odle v. Frost, 59 Texas, 688; Stone v. Day, 69 Texas, 13.

BROWN, Associate Justice.—The honorable Court of Civil Appeals for the Fourth-Supreme Judicial District has certified to this court the following statement and question:

"In a suit by the State for taxes upon a certain 320-acre survey, against J. T. Crosby, judgment was on November 10, 1897, rendered against him on service by publication, his residence being unknown, for $5.40 taxes with interest and costs, amounting in all to $25.70. Crosby did not appear and no attorney was appointed by the court to defend the suit, nor was any statement of the evidence filed in the papers of the cause, as are provided by article 1346, Revised Statutes. An order of sale issued on January 17, 1898, and the tract was sold thereunder to Bannowsky for $25.70, a grossly inadequate consideration, and a sheriff's deed was executed to him. The tract was reasonably worth at that time $1000. In the proceedings by the sheriff in respect to the sale no notice of the sale was mailed or given to either Crosby or his attorney of record, for the reason that the residence of the former was unknown, and there was no attorney, the court as aforesaid having failed to appoint one.

"The present suit is brought by Crosby to set aside said sale on, among other grounds, the gross inadequacy of the price.

"The members of the court are able to agree on the question whether or not the failure to appoint an attorney to defend said suit and the failure of the judge to file a statement of the evidence, are of avail to plaintiff in the present proceeding, so far as the validity of the judgment is concerned, but disagree as to the effect the failure to appoint an attorney should have upon a sale shown to have been made for a grossly inadequate price.

"Question. Did the failure of the court to appoint an attorney to defend the tax suit and the consequent failure to give notice of sale to such attorney, afford a circumstance sufficient in connection with the gross inadequacy of consideration, to authorize the sale to be set aside?"

Answer. The fact that the trial court failed to appoint an attorney to represent the defendant in the case of State v. Crosby can not be considered in determining the validity of the sale made under the judgment rendered in that case. The judgment of the District Court being valid, irregularities in the proceedings by which it was obtained can not affect the title of a purchaser under it; such purchaser had the right to assume that the procurement of the judgment was regular. Coker v. Dawkins, 20 Fla., 152. When property has been sold, under execution, for a grossly inadequate price, the court will consider irregularities in the execution, and in the proceedings leading up to the sale, as well as in the sale itself. Irvin v. Ferguson, 83 Texas, 496; Weaver v. Nugent, 72 Texas, 272. But we have found no authority which permits a court to go behind a valid judgment in an attack upon a sale made under it, and we can see no reason why errors of procedure in procuring a valid judgment which can not affect the title acquired under it should be looked to in determining the validity of a sale made under the judgment.

Article 1211, Revised Statutes, as it appears in Batts' Revised Stat-

utes, required the court to appoint an attorney in the case of State v. Crosby, to represent the defendant, but such appointee would not have been attorney of the defendant, but an officer of the court, selected to aid the court in the trial. He could not have bound the defendant and his authority would have ceased when judgment was entered. If an attorney had been appointed for Crosby, notice of sale could not have been served upon him under article 2366, Revised Statutes, therefore a failure to appoint could not have affected the sale, and that which could not possibly affect it can not be a material circumstance in an inquiry into the validity of a sale.