In the first place, what is the significance of the little word "only"? Simply that the sheriff was to receive 10 cents per mile for conveying *one* prisoner, and 8 cents for each additional prisoner, thus providing for each individual, 10 cents per mile for each person (including the sheriff, for he had to travel and bear the necessary expenses incident thereto), and when conveying more than one prisoner, then only 8 cents per mile should be allowed for each additional one.

The writ is granted, directing the respondent district judge to approve relator's account for 10 cents per mile for himself and 10 cents per mile for the prisoner when only one is conveyed.

CURETON, C. J., not sitting.

---

### WALL v. STATE. (No. 7082.)

(Court of Criminal Appeals of Texas. Nov. 8, 1922.)

**Parent and child ⊚⇒17(6)—Evidence held insufficient to sustain conviction for child desertion.**

In a prosecution for deserting and failure to maintain his minor child, where accused and wife were divorced two months prior to the alleged offense, evidence that out of the sale of their property he paid her $900 as her share and subsequently paid her $200 for the support of the child *held* insufficient to sustain conviction.

Appeal from Harris County Court at Law; John W. Lewis, Judge.

O. H. Wall was convicted of the desertion of a child 13 years old and failure to maintain it, and he appeals. Reversed and remanded.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The prosecution is for violation of article 640a, P. C., and charges the desertion of a child 13 years of age and failure to maintain it.

The facts show that some two months prior to the date upon which the offense is laid the appellant and his wife were divorced; that later they sold some property by agreement, and the wife received $900. She was awarded the custody of the child and appellant turned over to her $200 of his part of the proceeds of the sale. This was undisputed, and we understand she still possesses the money. The wife said that she did not know why he gave her the extra money. He testified that he gave it to her for the support of the child, and that he regarded that as sufficient to support her for the time that had intervened between the time of the divorce and the time of the offense. We find nothing to the contrary. In the divorce proceedings the custody of the child was awarded to its mother. We think the evidence is entirely inadequate to sustain the averment that "appellant willfully refused to provide maintenance for his child, then and there in destitute circumstances." Among the illustrative cases are Joiner v. State, 81 Tex. Cr. R. 524, 196 S. W. 523; Dickey v. State, 82 Tex. Cr. R. 154, 198 S. W. 309; Lamm v. State, 85 Tex. Cr. R. 48, 210 S. W. 209; Mercardo v. State, 86 Tex. Cr. R. 559, 218 S. W. 491, 8 A. L. R. 1312; Perry v. State, 87 Tex. Cr. R. 226, 220 S. W. 549; Hood v. State, 87 Tex. Cr. R. 222, 220 S. W. 550; Flowers v. State, 87 Tex. Cr. R. 293, 221 S. W. 289; Hollien v. State, 87 Tex. Cr. R. 645, 224 S. W. 779; Mikeska v. State, 88 Tex. Cr. R. 504, 228 S. W. 235.

The judgment is reversed, and the cause remanded.

---

### MAURY et al. v. TURNER et al.
(No. 323–3670.)

(Commission of Appeals of Texas, Section B. Nov. 8, 1922.)

**1. Appeal and error ⊚⇒23—Courts of Civil Appeals may ascertain from docket entry alone that notice of appeal was properly given.**

Under Rev. St. 1911, art. 1593, Courts of Civil Appeals may, on affidavit or otherwise, ascertain facts necessary to proper exercise of their jurisdiction, and therefore, by virtue of docket entry in the transcript, may ascertain that proper notice of appeal had been given, and it is inconsequential that, after close of term and judgment rendered failing to show notice of appeal, the judge below restated the judgment, including notice of appeal, and docketed the restatement nunc pro tunc as the correct judgment.

**2. Judicial sales ⊚⇒45—Court cannot go behind valid judgment attacked upon sale made under it.**

The court cannot go behind a valid judgment or look to procedural errors in obtaining it, in an attack upon sale made under it.

**3. Judgment ⊚⇒16—Court must have jurisdiction of both subject-matter and defendants to render valid judgment.**

To render a judgment valid, the court pronouncing it must have jurisdiction of both the subject-matter in litigation and defendants.

**4. Judgment ⊚⇒671—Owner holding recorded title is not unknown owner who can be cited by publication and barred by judgment.**

An owner holding a recorded title is not properly an "unknown owner," and therefore cannot be considered a party defendant in a suit brought against the unknown owner cited by publication, and is not bound by the judgment.

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Municipal corporations ⬤⇒583—Owner improperly cited by publication in suit on certificate of assessment may defeat judgment and sale thereunder in collateral proceeding.**

An owner holding recorded title and cited by publication improperly as an "unknown owner" in a suit upon a certificate of assessment against his land may recover in collateral proceedings from purchaser by sale following such judgment.

**6. Judgment ⬤⇒671 — Parties ⬤⇒21 — No jurisdiction to proceed against unknown persons in absence of statute.**

There is no jurisdiction to proceed against "unknown persons" in absence of statute, and judgment upon such unauthorized proceedings is invalid.

**7. Municipal corporations ⬤⇒565—Real owner must be named and not proceeded against as unknown owner in suit upon certificate of assessment.**

No statutory authority exists to proceed against, or cite by publication, "unknown owners" of land in collecting amount due upon a certificate of assessment against the land, nor is there authority for service against such unknown owners by publication, and judgment against "the unknown owner" containing the name of no defendant is, on its face, invalid.

**8. Judgment ⬤⇒485—Where invalid on its face, gives notice to world that it is not authorized.**

A judgment invalid on its face gives notice to the world that it is not authorized.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by E. S. Turner and others against George P. Maury and others, to set aside a judgment and to cancel sheriff's deed under order of sale issued thereupon. From a judgment of the Court of Civil Appeals reversing the judgment of the district court and remanding the case for another trial, defendants bring error. Judgments of district court and Court of Civil Appeals reversed, and judgment rendered for plaintiffs, removing cloud on their title, but leaving rights held under certificate of special assessment unaffected.

See, also, 224 S. W. 255.

Ritchie & Ranspot, of Mineral Wells, for plaintiffs in error.

S. D. Goswick, of Mineral Wells, for defendants in error.

HAMILTON, J. This is a proceeding brought by E. S. Turner and E. H. Turner, who reside in Palo Pinto county, state of Texas, William B. Turner and Ralph H. Turner, who reside in Lee county, state of New Mexico, Flora L. Bruce, joined by her husband, S. P. Bruce, who reside in Bell county, Tex., Frank L. Turner, Laura M. Johnson, joined by her husband, John Johnson, John W. Turner, and Eudora A. Turner (a feme sole), who reside in Dallas county, Tex., and Willie E. Hayes, joined by her husband, Richard S. Hayes, and Charlie L. Turner, who reside in Tarrant county, state of Texas, against J. W. McFarland and George P. Maury, to set aside a judgment rendered in cause No. 4699 in the district court of Palo Pinto county in favor of J. W. McFarland, and to cancel a sheriff's deed purporting to convey lot G, block 34, Wiggins' addition to Mineral Wells, to George P. Maury, purchaser of the lot under an order of sale issued by virtue of that judgment.

The suit terminating in the judgment here sought to be set aside was filed August 3, 1917, by J. W. McFarland as plaintiff against the "unknown owner" as defendant to collect the sum of $56.76, alleged to be due him on "a certificate of special assessment against the said unknown owner of the said lot" for that sum "executed and delivered to him by the mayor pro tem. and secretary of the city of Mineral Wells pursuant to its charter" for the "erection of concrete curbs and gutters" along the street on which the lot abuts. The petitioner prayed for citation by publication, judgment for his debt, interest, and attorney's fees, for foreclosure of his lien and for general relief. The judgment "decreed that J. W. McFarland do have and recover of and from said defendant, unknown owner of the property herein described, the sum of $62.73," and "that the lien created by the assessment proceedings be foreclosed." The judgment describes the property and orders the clerk to issue an order of sale. It also recites that "the defendant had been duly cited" by publication. At the sale Maury purchased the lot for $100.

On May 29, 1919, defendants in error, plaintiffs below, filed this suit, naming as defendants J. W. McFarland and George P. Maury, and praying for judgment setting aside and annulling the judgment rendered in cause No. 4699, above referred to, canceling the sheriff's deed to Maury, that they be quieted in their title to and possession of subdivision G, block 34, Wiggins addition to the city of Mineral Wells, Tex. Defendants in error alleged ownership of the property in themselves, and, as grounds for their action, pleaded gross failure to comply with the requirements of the statutes governing procedure in suits where service is by publication. Their whole case as urged is based on the contention that the service in that case was not sufficient to give the court jurisdiction to render the judgment under which the sale to Maury was made. They attached to their petition, as exhibits, certified copies of the citation and return.

Plaintiff in error Maury answered by general demurrer, special exceptions, general denial, and specially pleaded that he was the purchaser of the property for a valuable consideration without notice of any of the mat-

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(244 S.W.)

ters and things alleged in plaintiffs' petition, believing that he was acquiring a good title to the property under and by virtue of a valid judgment, and by way of cross-action he pleaded that he was the owner of the lands and premises described in plaintiffs' petition; that plaintiffs' claim of ownership casts a cloud upon defendants' title, and prays that he have judgment canceling and removing plaintiffs' claim, as a cloud upon his title; that he be quieted in his title and possession of the land and premises; for writ of possession, costs, and general relief.

McFarland answered by general demurrer and general denial.

The case was tried without a jury, and the court rendered judgment refusing to set aside the judgment rendered in the cause No. 4699 above mentioned, and rendered judgment "that defendant George P. Maury have judgment against plaintiffs (naming them) quieting defendant in his title and possession" of the property above described; that he have writ of possession, and that he be placed in possession of that property, as the law directs. The Court of Civil Appeals reversed the judgment of the district court and remanded the case.

[1] Appellees, plaintiffs in error, urged, in the Court of Civil Appeals, that the court was without jurisdiction to hear and consider the appeal for the reason that no notice of appeal was given and entered of record in the court, as required by law, and insist here that the Court of Civil Appeals erred in assuming jurisdiction of the cause and in reversing and remanding it for the same reason.

The facts, as shown by the record, are that proper notice of appeal was given by plaintiffs at the time the judgment was pronounced, and that plaintiffs were given 90 days in which to file statement of facts and bills of exceptions, but the judgment filed and recorded failed to show either of these actions. Notation was made by the court on his docket as follows:

"4—10—20. Judgment for defendants, plaintiff excepts and gives notice of appeal to the Court of Civil Appeals for the Second Supreme Judicial District of Texas, at Fort Worth, 90 days granted in which to file statement of facts and bills of exceptions."

After the close of the term, April 10, 1920, plaintiffs filed a motion, after notice to defendants, setting up the facts and praying the court to supply and include the omitted notice of appeal and granting of time for filing bills of exception. The motion was granted by the judge in chambers. The judge restated the judgment, including the notice of appeal and granting of time, and instructed the clerk of the district court of Palo Pinto county to enter it nunc pro tunc as the correct judgment in the case. That proceeding is of no importance in determining whether the Court of Civil Appeals had jurisdiction of the case or not.

"The statute provides, that an appeal may be taken by giving notice in open court and by filing bond; and while it also makes it the duty of the clerk to enter it upon the minutes, the structure of the language employed indicates, as we think, that such entry was not * * * essential to the exercise of the jurisdiction of the appellate court. * * * The jurisdiction therefore depends upon the fact of notice, and not upon the record of the fact." Western Union Telegraph Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945.

Article 1593, Revised Civil Statutes 1911, referring to Courts of Civil Appeals, provides:

"The said courts shall have power, upon affidavit or otherwise as by the courts may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction."

Under this provision the court had the power, by virtue of docket entry above noted, showing that notice of appeal had been given, to exercise jurisdiction over the case. It is of no consequence how that court ascertained that notice of appeal had been given, if it was satisfied that such notice had been given. The above-quoted notation on the judge's docket was certified by the clerk of the district court, and was before the Court of Civil Appeals in the supplemental transcript. The contention was presented to that court in the brief of appellees, plaintiffs in error. The court took jurisdiction. Therefore it must have been satisfied that notice of appeal had been given. Therefore the assignments on this point are overruled.

[2] A court cannot go behind a valid judgment in an attack upon a sale made under it, nor can errors of procedure in procuring a valid judgment be looked to in determining the validity of a sale made under a valid judgment. Crosby v. Bannowsky, 95 Tex. 449, 68 S. W. 47.

[3-5] But to be entitled to such sanctity a judgment must be valid. To render it valid in truth and in fact the court pronouncing it must have active jurisdiction both of the subject-matter of the litigation and of the persons named as defendants. Without both of these prerequisites the court's pronouncement in judgment, though conformed in contents and expression to every legal requirement, is but "sounding brass and a tinkling cymbal." An owner who holds land under a recorded chain of title cannot properly be called "an unknown owner," and hence could not be considered a party to a suit by the state of Texas against unknown owners of the land cited by publication, and is not bound by the judgment. He may recover from the purchaser under such judgment even in a collateral proceeding. Scales v. Wren, 103 Tex. 304, 127 S. W. 164.

[6] The judgment in cause No. 4699 was

not binding on anybody. It was void from the beginning. The whole proceeding was without authority of law, because the suit was brought by a private person against "the unknown owner" of the property. The petition named no one as party defendant. The commencement was as follows:

"Your petitioner herein, J. W. McFarland, hereinafter styled plaintiff, complaining of unknown owner of lot G, block 34, Wiggins addition to Mineral Wells, Palo Pinto county, Tex., will respectfully represent and show to the court."

And throughout the defendant is referred to as unknown owner only, no name of any defendant being anywhere in the petition given. Jurisdiction to sue unknown persons must be obtained in pursuance of some statute. There is no authority to proceed against unknown persons in the absence of statute. Consequently a judgment in an action against unknown owners is ineffectual to bind unknown owners, in the absence of a statute authorizing such a proceeding, because they cannot be regarded as having received notice either actual or constructive. Byrnes v. Sampson, 74 Tex. 79, 11 S. W. 1073; Dunn v. Taylor, 42 Tex. Civ. App. 241, 94 S. W. 347; Hill v. Henry, 66 N. J. Eq. 150, 57 Atl. 554.

[7] There is no statute of Texas authorizing such a suit as No. 4699, above referred to, against unknown owners. Our statutes authorize suits against unknown owners by the state to collect delinquent taxes (article 7698) and by an individual in a suit for partition of land (article 6099). These are the only cases in which our statutes authorize a suit against an "unknown owner." Suits to determine heirship are authorized by articles 3521 to 3526. Suits against unknown heirs and unknown stockholders of defunct corporations by any party having a claim or cause of action against them relative to any property granted to or that may have accrued to the heirs, as such, of any deceased person or to the stockholders of such corporation are authorized by article 1875, as amended by Act February 13, 1917, c. 13, § 2 (Vernon's Ann. Civ. St. Supp. art. 1875). These are the only classes of suits in which unknown persons of any kind may be made defendants. Suit No. 4699 did not fall within any of these classes, and therefore was not authorized by statute.

Not only is no such suit as No. 4699, above mentioned, authorized by statute, but no provision for service of an unknown owner by publication in such a case is made by the statutes. The statute, authorizing such service generally, provides it only—

"where any party to a suit, his agent or attorney, shall make oath at the time of the institution of such suit, or at any time during its progress that any party defendant therein is a nonresident of the state, or that he is absent from the state, or that he is a transient person, or that his residence is unknown to affiant." Article 1874, as amended by Act February 13, 1917, c. 13, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 1874).

In each of the other classes of suits in which citation by publication is authorized, it is specially authorized for that particular class of suits and for no others.

[8] The judgment in McFarland v. The Unknown Owner, No. 4699, shows on its face that it is not a valid judgment. It contains the name of no defendant. It finds that plaintiffs' demand is founded on a special assessment certificate issued by the city of Mineral Wells to pay a part of the cost of paving streets in that city. It decrees that the plaintiff "do have and recover of and from defendant, unknown owner, the sum of $62.73." This is sufficient to give notice to every one that may read the judgment and to all the world that it is not such a judgment as is authorized by the laws of Texas in such cases. Plaintiffs in the instant case were never made parties to suit No. 4699.

No such suit is recognized by the laws of this state, and the judgment under and by virtue of which Maury bought the land was not valid, and was insufficient to give validity in any degree to the sheriff's deed executed in an attempt to convey the property to Maury.

Therefore we recommend that judgment here be rendered, vacating and setting aside the judgment rendered in cause No. 4699 in the district court of Palo Pinto county, styled J. W. McFarland v. The Unknown Owner, and declaring same null and void; canceling and setting aside the sheriff's deed conveying lot G, block 34, Wiggins addition to the city of Mineral Wells to Geo. P. Maury by virtue of that judgment; reversing the judgment of the district court in this cause quieting title and possession in Geo. P. Maury to the above-described property; setting aside the judgment of the Court of Civil Appeals remanding the cause; and rendering judgment for defendants in error herein and removing cloud on their title to the above-described property arising out of all claims asserted thereto by virtue of the judgment in said cause No. 4699 and the sheriff's deed made in pursuance thereof, but leaving all liens, equities, and rights held by any person under and by virtue of the certificate of special assessment unaffected by this decision; and adjudging all costs of this suit against plaintiffs in error.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reversed, and judgment here rendered as recommended by the Commission of Appeals.