Henry H. McKEE, et al., Appellants,

v.

Wade BEDELL, Appellee.

No. 04–85–00244–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 19, 1986.

Jerry N. Dennard, San Antonio, for appellants.

Bobby D. Myers, San Antonio, for appellee.

Before ESQUIVEL, REEVES and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This trespass to try title case was initiated by appellants, who claim certain land in the Robards Subdivision of Bexar County. Appellee pled not guilty and also claimed ownership of the property. The trial court, without jury, rendered a take nothing judgment against appellants.

Appellants claim to the land is predicated on a judgment rendered January 22, 1973, decreeing that Richard Browne, their predecessor in title, had acquired legal title to the property by virtue of the ten year statute of limitations. However, the trial court found that on the date that Browne had filed suit, Stiles Trailer Sales, Inc. was the record owner of the tract in issue. Stiles Trailer Sales, Inc. was appellee's predecessor in title.

Appellants contend that the trial court erroneously permitted appellee to collaterally attack the Richard Browne judgment, and that the recitation in the Browne judgment which designated the successors in interest to Stiles Trailer Sales, Inc. as "unknown owners or claimants of interest in land" was an irregularity which may not be reviewed in a collateral proceeding. Additionally, appellants complain of no evidence to support the following findings: (1) that Stiles Trailer Sales, Inc. was the record owner of the land in question; (2) that Richard Browne was on constructive notice that Stiles Trailer Sales, Inc. was the record owner of the property; (3) the Stiles Trailer Sales, Inc. was not an unknown owner; (4) that Stiles Trailer Sales, Inc. was not bound by the Browne judgment; (5) that appellants were not entitled to possession of the land in dispute; and (6) that appellants were not entitled to damages. All assignments of error are closely related and will be considered jointly.

The findings of fact and conclusions of law filed by the trial court have the same force and dignity as does a jury verdict upon special issues; when supported by competent evidence they will not be disturbed on appeal. 4 McDONALD, TEXAS CIVIL PRACTICE § 16.05, p. 11 (1971); see Gandy v. Culpepper, 528 S.W.2d 333, 335 (Tex.Civ.App.—Beaumont 1975, no

writ). The specific and relevant findings in this cause read as follows:

No. 4: On December 1, 1972, Stiles Trailer Sales, Inc. was the record owner of Lot 2, Block 1, according to plat recorded in volume 2222, page 319 of the plat record of Bexar County, Texas.

No. 5: That Stiles Trailer Sales, Inc. was not named as a defendant in the petition or in the judgment in the suit filed by Richard Browne.

▆ Appellants specifically argue that the appellee was properly cited by publication as follows:

... as well as all unknown owners or other persons including adverse claimants owning or having legal interest in the real property described in plaintiff's original petition; whose residence and whereabouts are unknown to plaintiff, all of said parties being defendant or intervenor in said cause.

Appellants concede that pursuant to TEX. REV.CIV.STAT.ANN. art. 6646 (Vernon 1969) they were on notice of a deed conveying the property at issue to Stiles Trailer Sales, Inc., recorded August 6, 1955. They contend that on December 1, 1972, when the Browne lawsuit was filed, Stiles Trailer Sales, Inc. was a defunct corporation.

Where property in this State has been granted or has accrued to the ... stockholders of defunct corporation, any party having a claim or cause of action against them relative to such property, if their names be unknown to him, may bring an action against them ... describing them as unknown stockholders of such corporation.

TEX.REV.CIV.STAT.ANN. art. 2040 (repealed effective Sept. 1, 1985). They may be cited by publication upon affidavit stating that the stockholders are unknown to affiant. *See id.;* TEX.R.CIV.P. 111. In order for a judgment to be valid, the court must be vested with jurisdiction over the subject matter of the litigation and of the persons named as defendants. In *Maury v. Turner*, 244 S.W. 809, 811 (Tex.Comm'n App.1922), the court stated:

An owner who holds land under a recorded chain of title cannot properly be called 'an unknown owner' and hence could not be considered a party to a suit by the state of Texas against unknown owners of the land cited by publication and is not bound by the judgment.

*Id.* at 811. The record in this case reflects that neither Stiles Trailer Sales, Inc. nor the unknown stockholders of the corporation were included as defendants in the citation by publication. Therefore, they were not party defendants in the Browne lawsuit and the trial court was without jurisdiction as to them. As a result, neither Stiles Trailer Sales, Inc. nor the unknown stockholders of the corporation were in any way bound by the Browne judgment.

In reviewing appellants' no evidence points we are required to consider only the evidence favorable to the judgment and to disregard all evidence or inferences to the contrary. *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400, 401 (Tex.1981). The abstract of title on the subject land, prepared and certified by Alamo Title Company, was admitted in evidence and fully supported the trial court's findings. The pertinent and relevant instruments listed in the abstract of title are as follows, viz:

(5) In July 1955 W.S. Skinner and wife Nancy Ivory Skinner conveyed the property to Stiles Trailer Sales, Inc. a corporation.

\* \* \* \* \* \*

(14) On October 2, 1984, William M. (Bill) Stiles, 'individual and authorized agent for the former Stiles Trailer Sales, Inc. which cease to exist in 1964' conveyed the property to Wade Bedell.

(15) On October 5, 1984, James Stiles, Martha S. Cleary and John Stiles quitclaimed any interest in the property to Wade Bedell.

▆ Therefore, on December 1, 1972, the date Browne's suit was filed, he had constructive notice that appellee's predecessor was the record owner of the property. Art. 6646, *supra.* In light of this and our prior determination that a record owner

cannot properly be called an "unknown owner," appellants' assertion that the various findings by the trial court were not supported by the evidence is without merit. Accordingly, all points of error are overruled.

The judgment of the trial court is affirmed.