## In re BLOODWORTH-STEMBRIDGE CO.

(District Court, S. D. Georgia, W. D.   March 15, 1910.)

1. BANKRUPTCY (§ 375*)—COMPOSITION WITH CREDITORS—"IN OPEN COURT."
   In the provision of Bankr. Act July 1, 1898, c. 541, § 12, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3426), that a bankrupt may offer terms of composition to his creditors after he has been examined in open court or at a meeting of his creditors, etc., the term "in open court" refers to proceedings before the referee.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 375.*

   For other definitions, see Words and Phrases, vol. 6, p. 4986; vol. 8, p. 7738.]

2. BANKRUPTCY (§ 384*)—COMPOSITION WITH CREDITORS—POWERS OF OFFICERS —"JUDGE."
   Since the word "judge," wherever used in the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]), signifies the judge of the District Court, and not the referee, the provision that an application for confirmation of a composition may be filed in the court of bankruptcy, after the consideration and the cost of the proceedings have been deposited in a place designated by and subject to the order of the judge, requires these matters to be presented to the judge, rather than the referee.

   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 384.*

   For other definitions, see Words and Phrases, vol. 4, pp. 3823–3826; vol. 8, p. 7695.]

3. BANKRUPTCY (§ 384*)—COMPOSITIONS WITH CREDITORS—POWERS OF JUDGE AND REFEREE.
   Under provisions of the Bankr. Act July 1, 1898, c. 541, § 12, 30 Stat. 549 (U. S. Comp. St. 1901, p. 3426), requiring the judge to confirm a composition when it meets certain requirements, applicants for confirmation of a composition properly accepted the offer of composition at the credit-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ors' meeting before the referee, to whom the offer was submitted, and on his recommendation to the judge to confirm the composition, they must make a deposit in accordance with the order of the judge, and ask a date for a hearing before him, giving notice to creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 590–592; Dec. Dig. § 384.*]

In the matter of the Bloodworth-Stembridge Company, bankrupt. On offer of composition and objections thereto. Objections overruled.

It appears that the Bloodworth-Stembridge Company were adjudged bankrupts on February 11, 1910. On February 21, 1910, at the first meeting of creditors, they were examined in open court, and afterwards submitted in writing an offer of composition of 40 per cent. Notice was thereupon given by Hon. Alexander Proudfit, referee in bankruptcy, that a second meeting of creditors would be held on March 4, 1910, before him, for the purpose of considering said offer of composition. At said meeting a majority of the creditors accepted the offer of composition. The referee then certified to Hon. Emory Speer, United States District Judge, that the composition had been accepted by a majority of the creditors, the necessary amount of money deposited in the registry of the court, that the composition was to the interest of all creditors, and recommended its confirmation by the court. Objections were filed by certain creditors, on the grounds that the offer of composition should have been filed in the clerk's office of the District Court, and addressed to the judge, and not to the referee; that, there having been no order referring the matter to the referee, he had no jurisdiction or authority to take any action or make any recommendation in regard thereto.

Livingston Kenan and Hall & Fowler, for bankrupt.
John R. L. Smith, for objecting creditors.

SPEER, District Judge (orally, after stating the facts as above). Our valuable referee has, I fear, gradually gotten away from the correct practice in cases of composition, and the court has been in some sense particeps criminis in that respect. I have all along had some doubts as to the extent to which the referee has gone; but this is the first time that objection has been made to the referee doing everything in the case, except merely to hand up the record for the judge's approval. Now there is a great deal which may not be done, save by the judge, in cases of composition. The referee may generally be regarded as the bankruptcy court, but not to the full extent in cases of composition. The act (Act July 1, 1898, c. 541, § 12, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426]), it is true, declares that:

"A bankrupt may offer terms of composition to his creditors after, but not before, he has been examined in open court or at a meeting of his creditors, and filed in court the schedule of his property and list of his creditors, required to be filed by bankrupts."

I consider that this "hearing" may be had before the referee, and that the term "in open court" refers to the proceeding before the referee. This is determinable from the association of the legislative purpose there, "noscitur a sociis." He must be "examined in open court or at a meeting of his creditors." Generally a meeting of creditors is held before the referee. Therefore that examination should be had before the referee, and he must have "filed in court the sched-

ule of his property and list of his creditors, required to be filed by bankrupts." These schedules the referee ordinarily handles, and up to this point the composition may proceed properly before the referee. The next clause, however, indicates a change of authority:

"An application for the confirmation of a composition may be filed in the court of bankruptcy after, but not before, it has been accepted in writing by a majority in number of all creditors whose claims have been allowed, which number must represent a majority in amount of such claims, and the consideration to be paid by the bankrupt to his creditors, and the money necessary to pay all debts which have priority and the cost of the proceedings, have been deposited in such place as shall be designated by and subject to the order of the judge."

Now, wherever in the bankruptcy act the term "judge" is used, it means the judge of the District Court, and not the referee in bankruptcy. It follows, therefore, that these requisites, essential to composition made by the act, must be presented to the judge, and the cost of the proceeding and the deposit must be designated by the judge, and subject to the order of the judge. The referee, as I understand, has to a liberal extent taken charge of these matters, and has relieved the judge of a great deal of labor; but certain action of his in this respect has apparently exceeded the limits of his powers fixed by the act. The act further provides:

"The judge shall confirm a composition if satisfied that (1) it is for the best interest of the creditors; (2) that bankrupt has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to his discharge; and (3) the offer and its acceptance are in good faith and have not been made or procured except as herein provided, or by any means, promises or acts herein forbidden."

And when we turn to the forms we will also perceive that it is the judge who must act. The judge must fix a date for the hearing, and that is a hearing before him. The judge must require the money to be deposited, and designate what sum shall be deposited, and it must be deposited subject to his orders.

I do not think, therefore, that in this case the applicants for the confirmation have done any more than they ought to have done before the referee. They must now make a deposit in accordance with the order of the judge, and they must ask a date for a hearing, and I think the rules require 10 days' notice must be given to creditors before they are called upon to object.