**FIRST NAT. BANK OF CADDO v. MONNIG DRY GOODS CO.   (No. 733–4325.)**

(Commission of Appeals of Texas, Section A. Feb. 10, 1926.)

Appeal and error ☞807—Certified copy of trial court's docket, showing that notice of appeal had been given, held to entitle appellant to have case reinstated on docket of Court of Civil Appeals.

Where case was stricken from docket of Court of Civil Appeals, on ground that record on appeal did not disclose that notice of appeal was given, *held* that, under Rev. St. 1925, art. 1822, court should have granted motion to reinstate case on docket, where appellant submitted certified copy of entries in trial court's docket, showing that notice of appeal had been given.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action between the First National Bank of Caddo and the Monnig Dry Goods Company. Motion of the First National Bank of Caddo to reinstate the case on the docket of the Court of Civil Appeals was overruled, and said Bank brings error. Reversed and remanded, with directions.

Crote Dalton, of Dallas, for plaintiff in error.

C. H. Fulwiler, of Breckenridge, for defendant in error.

HARVEY, P. J. On November 8, 1924, this cause, with plaintiff in error, First National Bank of Caddo, Tex., as appellant, and defendant in error Monnig Dry Goods Company, as appellee, was pending on appeal in the Court of Civil Appeals for the Second Supreme Judicial District. On said date said Court of Civil Appeals entered an order striking said cause from the docket of said court on the ground that the record therein did not disclose that notice of appeal from the judgment of the trial court had been given by appellant. On November 21, 1924, the appellant, First National Bank of Caddo, Tex., filed in said court its motion to have said cause reinstated on the docket of said court, alleging, in substance, that such notice of appeal had in fact been duly given and was duly noted on the docket of the trial court by the trial court. In support of its said motion, the said bank submitted certified copy of the entries on the docket of the trial court, which show that notice of appeal was duly given by plaintiff in error. On December 15, 1924, said Court of Civil Appeals overruled said motion to reinstate, and the order of court overruling such motion is before us for review.

We are of opinion that the Court of Civil Appeals erred in overruling said motion to reinstate said cause on its docket. Revised Statutes of 1925, art. 1822; Western Union Tel. Co. v. O'Keefe, 28 S. W. 945, 87 Tex. 423; Luse v. Parmer (Tex. Civ. App.) 221 S. W. 1031.

We therefore recommend that the order of the Court of Civil Appeals, overruling such motion to reinstate, be reversed, and that said court be directed to reinstate this cause, and, when the cause has been so reinstated, that the plaintiff in error be given the opportunity to show, in such manner as such court may direct under the law, the fact that notice of appeal was given as alleged by plaintiff in error in its motion to reinstate. We further recommend that the record herein be transmitted to the Court of Civil Appeals.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and cause remanded to the Court of Civil Appeals, as recommended by the Commission of Appeals.