## FITTS v. GRAND LODGE BROTHERHOOD OF RAILWAY TRAINMEN.

### No. 12957.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 13, 1939.

Rehearing Denied Dec. 2, 1933.

Houtchens & Houtchens and J. H. Craik, all of Fort Worth, for appellant.

Phillips, Trammell, Chizum, Price & Estes, Kenneth H. Jones, and Clayton L. Orn, all of Fort Worth, for appellee.

**LATTIMORE, Justice.**

This is on motion to dismiss this appeal for want of notice of appeal given in the trial court. The transcript does not show notice given.

Affidavits of appellant and his counsel recite that the trial court instructed a verdict for appellee, that at the time such verdict was received the appellant's attorney stated to the court that plaintiff gives notice of appeal to the Court of Civil Appeals for the Second Supreme Judicial District of Texas. This is controverted by affidavits of counsel for appellee. No entries appear on court's trial docket, and the trial judge had no recollection of having heard said notice of appeal given.

While we doubt not the power and duty of this court, under article 1822, R. S., to receive testimony by affidavit of jurisdictional facts, such as this: Western Union v. O'Keefe, 87 Tex. 423, 28 S. W. 945, we observe that that case, as well as those many cases since decided upon that authority, were those in which some documentary evidence existed of such notice given. We are not warm to inviting contests of affidavits which initiation of a policy such as is invoked by appellant would provoke. An honest record on appeal is a badge of a fair trial judge. This court will go far and speedily to see that a litigant gets such a record, but that does not mean that such extension is available to him who has not been diligent in availing himself of his rights in the trial court. Here the appellant actually had some ten days within which to see that notice of appeal was shown in the records of the trial court. Not then or until this motion is made is the matter given attention by him.

Moreover, where the fact must be presented to us on appeal wholly out of the conflicting memories of those present, and in the absence of any showing suggesting reprehensible conduct on the part of the trial judge, we must "be satisfied" (O'Keefe Case, supra); that is, a clear showing must be made before we can deny the verity which the records of the trial court import.

The motion is granted, and the appeal is dismissed.