**WINDHAM v. CREECH et al.**
No. 2690.

Court of Civil Appeals of Texas. Beaumont.
Feb. 11, 1935.

Rehearing Denied Feb. 27, 1935.

Sanders & McLeroy, of Center, for appellant.

E. B. Lewis, of Center, for appellees.

WALKER, Chief Justice.

Before maturity, appellee W. C. Potts transferred to appellant, Dr. J. H. Windham, a promissory note in the sum of $199.30, payable to him and executed by A. M. and L. S. Creech, by the following indorsement written on the back of the note and signed by Mr. Potts: "I hereby transfer the within note to Dr. J. H. Windham." Payment was refused when the note matured, and this suit was instituted in county court by appellant against the makers and Mr. Potts as indorser. The makers made no answer. Mr. Potts answered to the effect that the indorsement was written on the back of the note, not for the purpose of making him an indorser, but merely to invest title to the note in appellant, without recourse. The answer was specially excepted to as an attempt to vary the terms of a written instrument by a parol contemporaneous agreement. The trial was to a jury, and the issue raised by Mr. Potts' answer was submitted to the jury and found in his favor and judgment entered accordingly.

We agree with the contentions of appellant: (a) that the indorsement on the back of the note did not restrict the liability of Mr. Potts to a mere warranty of title, but the indorsement rendered him personally liable for the payment of the note as an indorser; and (b) that parol evidence was not admissible to show that the indorsement was intended to be without recourse. On its facts, Behrens v. Kirkgard (Tex. Civ. App.) 143 S. W. 698 (writ of error refused), is on all fours with the facts of this case. See, also, article 5936, R. S. 1925, section 66, Negotiable Instrument Act.

There is no merit in the counter proposition that the note was not duly presented to appellee Potts for payment. The note expressly waived presentment.

It follows that the judgment of the lower court should be reversed, and judgment here rendered for appellant; and it is so ordered.