**TARVER v. GODSEY et al.**

No. 2738.

Court of Civil Appeals of Texas.
Beaumont.

April 13, 1935.

Rehearing Denied May 29, 1935.

Wm. O. Bowers, Jr., of Beaumont, for appellant.

Howell & Howell, of Beaumont, for appellee.

WALKER, Chief Justice.

On April 29, 1931, Frank W. Godsey and wife conveyed to Tarver Lumber Company lots 8 and 24 of the Pin Oaks addition to the city of Beaumont, "in consideration of the sum of Ten ($10.00) Dollars, and the exchange of property"; in fact, the consideration paid by Tarver Lumber Company for these lots was a note in the sum of $1,037.13, payable in monthly installments of $15.15, with interest at the rate of 8.4 per cent. per annum, executed by J. T. Oglesbee and wife, which was secured by a second lien against lot No. 8, block No. 24 of the North addition to the city of Beaumont, and a sufficient additional consideration to cover the balance of the purchase price of lots 8 and 24; the $10 cash consideration recited in the deed was not paid. The Oglesbee note was assigned to Frank W. Godsey by Tarver Lumber Company by the following indorsement in writing on the back of the note, "Pay to the order of Frank W. Godsey," signed by Tarver Lumber Company. Oglesbee and wife regularly paid Godsey the monthly installments on their note, as per its terms, until the principal was reduced to $917.14, when they defaulted and failed and refused, though requested, to make further payments. Under the option given him in the note, Godsey declared all future installments due and payable. The value of lot No. 8, block No. 24, North addition

was exhausted by the payment of the first lien, and nothing of its value was left to apply upon the second lien note, held by Godsey against Oglesbee and wife. After Oglesbee and wife defaulted, Godsey made demand upon Tarver Lumber Company, as indorser, for payment of balance due on the note, which was refused. At the time of their default, Oglesbee and wife were and have remained notoriously insolvent. For a valuable consideration, Tarver Lumber Company conveyed lot No. 8 of Pin Oaks addition to a third party, who had no notice of the nature of the consideration paid for it and lot No. 24. Afterwards, Tarver Lumber Company conveyed lot No. 24, Pin Oaks addition, to its president, William Tarver, who acquired it with knowledge of all attending facts; after acquiring this lot, William Tarver made valuable improvements thereon. The deed from Godsey and wife to Tarver Lumber Company, referred to above, did not retain a vendor's lien against lots 8 and 24 to secure the payment of any part of the purchase price on lots 8 and 24 of the Pin Oaks addition; the deed merely recited a consideration cash in hand paid and purported to convey the absolute title to Tarver Lumber Company.

This suit was brought by Frank W. Godsey against Tarver Lumber Company and appellant, William Tarver, to cancel his deed to Tarver Lumber Company and the deed from Tarver Lumber Company to William Tarver, purporting to convey a chain of title into William Tarver, on the ground of failure of consideration, and, in the alternative, to recover against Tarver Lumber Company upon its written indorsement on the Oglesbee note. On trial to the court without a jury, judgment was entered against both Tarver Lumber Company and William Tarver, in effect, reinvesting title to lot No. 24, Pin Oaks addition, in Godsey, and transferring back to Tarver Lumber Company the Oglesbee note. Only William Tarver has appealed from that order.

■ We sustain William Tarver's assignment that the court erred in canceling the deeds by which he held title to lot No. 24, Pin Oaks addition. There was no allegation of fraud, accident, or mistake in the transaction between Godsey and Tarver Lumber Company, nor was there any evidence to that effect. The evidence was that the Oglesbee note was reasonably worth its face value at the time it was indorsed and transferred to Godsey; that he investigated the value of this note before accepting it in part payment of his lots. On this statement of the facts, the action of failure of consideration was not available to Godsey. That the Oglesbee note constituted a valuable consideration at the time of the transaction cannot be questioned; that it subsequently became worthless, except for the indorsement of Tarver Lumber Company, was immaterial. The law of these facts is thus stated by 13 C. J. 369: "Subsequent Depreciation in Value. If there is consideration, the fact that it subsequently diminishes in value or becomes of no value at all cannot relieve the promisor from liability on his promise, as when a note sold afterward becomes of no value."

■ On the issue of liability of Tarver Lumber Company on its indorsement of the Oglesbee note to Godsey, the trial court, by its conclusions of fact, found that this note was "indorsed by the Tarver Lumber Company for value." The indorsement did not restrict the liability of Tarver Lumber Company, nor was it ambiguous. There is no contention that it was made through accident, fraud, or mistake. It follows that, under this indorsement, on the facts found by the court, Tarver Lumber Company was liable to Godsey for the unpaid balance of the note, principal, interest, and attorney's fees. Windham v. Creech (Tex. Civ. App.) 79 S.W.(2d) 631; Behrens v. Kirkgard (Tex. Civ. App.) 143 S. W. 698; article 5936, R. S. 1925, § 66, Negotiable Instruments Act.

The judgment of the lower court, canceling the deeds into William Tarver, is reversed and judgment here rendered, vesting him with title to the lot in controversy, and in his favor against Godsey for all costs in this behalf expended; judgment is here rendered in favor of Godsey against Tarver Lumber Company for the unpaid balance of the Oglesbee note, principal, interest, and attorney's fees, together with all costs incident thereto. It appearing that it would be equitable to tax half of all costs incurred in this cause against Godsey and the other half against Tarver Lumber Company, it is so ordered. Reversed and rendered.

### On Rehearing.

On February 27, 1935, appellee filed in this cause his motion to dismiss this appeal,

based upon the allegation that appellant failed to give notice of appeal in open court. This motion was carried with the case, and subsequently overruled by our order reversing and rendering the judgment of the lower court. The sole ground for the motion for rehearing was that we erred in overruling this motion.

■ The order excepting to the judgment of the lower court and giving notice of appeal reads as follows: "To which action and ruling of the court defendant Wm. Tarver excepted and gave notice of appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas."

The transcript shows that the trial judge approved a draft of judgment that contained no exceptions and notice of appeal, and that the exceptions copied above were entered into the minutes below the signature of the judge approving the judgment. The exceptions do not contain the statement that appellant gave notice of appeal "in open court," as required by article 2253, R. C. S. 1925, reading: "In cases where an appeal is allowed, the appellant shall give notice of appeal in open court within two days after final judgment," etc.; nor is that statement reflected anywhere in the transcript. This article of the statute is jurisdictional in its nature, and, unless the notice of appeal was given in open court, then it was error to overrule appellee's motion to dismiss. Rausch v. Western Union Telegraph Co. (Tex. Civ. App.) 70 S.W.(2d) 655, and the many authorities cited therein.

■ Though the jurisdictional requirements of article 2253 are not shown by the transcript, it is our duty to receive testimony by affidavit or otherwise on the issue as to whether or not notice of appeal was in fact given "in open court." See article 1822, which reads as follows: "Said courts shall have power, upon affidavit or otherwise as by the courts may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction." Maury v. Turner (Tex. Com. App.) 244 S. W. 809; Blalock v. Slocomb (Tex. Com. App.) 245 S. W. 648; Western Union Telegraph Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945.; First Nat'l Bank of Caddo v. Monnig Dry Goods Co. (Tex. Com. App.) 280 S. W. 174; Fitts v. Grand Lodge, Brotherhood of Railway Trainmen (Tex. Civ. App.) 66 S. W.(2d) 434.

The evidence on that issue is as follows: The case was tried before Judge Geo. C. O'Brien, the regular judge, without the aid of a jury. The demurrer and exceptions were presented to him upon the trial, but he withheld his ruling thereon and carried them with the case. After the conclusion of the evidence, the judge took the case under advisement, and several days later instructed the district clerk to 'phone counsel for both parties that he had entered judgment in favor of appellee, Frank W. Godsey. Counsel for appellee prepared a form of judgment which he submitted to the trial judge for approval, and after it was approved he filed it with the clerk who promptly recorded it in the minutes of the court. This draft of judgment contained no exceptions to the order of the court overruling the demurrer and exceptions, no exception to the judgment, and no notice of appeal to this court. Neither appellant nor his counsel saw this judgment until after it was entered. When the omissions were discovered Judge O'Brien was not in the courtroom. We quote as follows from the affidavit of the Honorable W. O. Bowers, Jr., counsel for appellant: First he detailed his conduct after he was informed that the judgment had been recorded, and his first failure to locate Judge O'Brien. The affidavit proceeds: "Later affiant talked to him (Judge O'Brien) in his courtroom and told him that he desired an appeal for the defendant and desired the judgment to contain the rulings on defendant's demurrers and exceptions, defendant's exception to the judgment, and notice of appeal; affiant, then and there in open court in behalf of defendant (appellant) excepted to the judgment and gave notice of appeal to this Court of Civil Appeals. Thereupon Judge O'Brien and affiant went to the district clerk's office and Judge O'Brien instructed the district clerk to make such corrections and amendment of the judgment which he had signed and filed, all of which was done as fully appears from the original amended judgment on file as well as the record thereof in the district clerk's office. If anything was omitted from said judgment, same was merely an oversight, for full exception was taken thereto and notice of appeal therefrom was given as required by law."

Mr. W. J. Bergman, deputy district clerk, made the following affidavit, having first stated that Mr. Bowers had not ap-

proved the form of judgment recorded: "Thereafter the said Wm. O. Bowers, Jr., appeared in court, examined said judgment, excepted thereto and gave notice of appeal, and requested that the judgment as drawn, signed and filed, be corrected and amended in that respect, and the said Judge O'Brien in his presence instructed and directed that said original judgment be corrected and amended as to date, overruling of defendant's demurrers and exceptions, and defendant's exception to the same and notice of appeal by interlineation and addition, and the same was so corrected and amended to all intents and purposes under the judge's direction, as fully appears from the original amended judgment on file and recorded in the office of the district clerk."

Appellee has filed the following affidavit by D. Tantillo, deputy district clerk:

"On June 30th, A. D. 1934, a certain judgment was handed to him in Cause No. 39814, styled Frank W. Godsey v. William Tarver et al., duly signed by Judge Geo. C. O'Brien, Judge of the 58th District Court, that said judgment was entered in the minutes of the 58th District Court on the date of June 30th, 1934. That several days later W. O. Bowers, Jr., Attorney of record for the defendant Wm. Tarver et al., together with Judge Geo. C. O'Brien, Judge of the 58th District Court came into his office and asked for the judgment entered in the said cause on June 30th, 1934, and at that time Judge Geo. C. O'Brien, authorized Mr. W. O. Bowers, Jr., to add the following paragraph on the end of the judgment entered of record on June 30th, 1934, to-wit:

" 'To which action and ruling of the Court defendant Wm. Tarver excepted and gave notice of Appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas.'

"And after this paragraph was added to the judgment Judge Geo. C. O'Brien authorized me to change the minutes of his Court and add this paragraph to the judgment entered on June 30th, 1934, and that he changed the judgment as ordered by the judge."

. On oral argument on the motion for rehearing, the following additional statements were accepted in evidence: The term of court at which the judgment was entered had not adjourned when the min-

utes were corrected as reflected by the affidavits. When Judge O'Brien received the exceptions to the judgment and the notice of appeal, he was not sitting on his bench; that is, he was not sitting behind the desk and occupying the chair prepared for him and customarily used by him when presiding over his court. He did not have his docket before him, nor was appellee present in court either in person or by counsel, nor was either he or his counsel called; there was no formal opening of the court before Judge O'Brien accepted from counsel for appellant the exceptions to the judgment and the notice of appeal, nor was there any formal adjournment of the court after the transactions reflected by the affidavits copied above. The district clerk's office referred to in the affidavit was on the same floor of the county courthouse of Jefferson county with Judge O'Brien's courtroom.

It is our conclusion that notice of appeal was given "in open court," as required by article 2253 copied above. That phrase should be construed as requiring only that the trial judge hear the case in public at the time and place prescribed by law in contradistinction to his duties as judge sitting in chambers. In re Bloodworth-Stembridge Co. (D. C.) 178 F. 372; Ex parte Branch, 63 Ala. 383; United States v. Ginsberg, 243 U. S. 472, 37 S. Ct. 422, 61 L. Ed. 853; Bouvier's Law Dictionary. Under the evidence the issue was clearly raised that Judge O'Brien accepted appellant's exceptions and notice of appeal while he was in his courtroom, during a regular term of court, in the exercise of a judicial function as a court; certainly the evidence does not compel the conclusion that he was acting merely as a judge in chambers.

As we understand the contention of appellee, he makes the argument that the notice of appeal was not given "in open court," because there was neither formal opening of court nor adjournment, nor did Judge O'Brien have his docket before him, nor was he sitting on the bench when the order was made, nor was appellee or his counsel present in court or given an opportunity to be in court. We overrule appellee's contention that these formalities were essential.

The motion for rehearing is in all things overruled.