Rienhard O. SCHROEDER, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 4036.

Court of Civil Appeals of Texas.

Waco.

Sept. 27, 1962.

Rehearing Denied Oct. 18, 1962.

Dunnam & Dunnam (on appeal only), Waco, for appellant.

P. M. Johnston, Waco, for appellee.

TIREY, Justice.

This is an appeal from a summary judgment. Appellee has filed its motion to dismiss, grounded on the proposition that the transcript fails to show that appellant gave notice of appeal in either of the provisions as prescribed by Rule 353, Texas Rules of Civil Procedure. Defendant filed its Original Answer on February 9, 1962, and on March 7th, filed its motion for summary judgment. Appellant filed no reply to appellee's motion and, thereafter, on the 26th day of March 1962, the Court entered its order granting the motion and decreed that appellant take nothing. The transcript does not show any exception to the judgment entered, or any notice of appeal. Thereafter, on April 5, 1962, plaintiff filed his motion for a new trial and, thereafter, on the 10th day of May 1962, the court overruled the motion for new trial, and there is no exception to the order overruling the motion, and no notice of appeal given.

Appellee contends that since the transcript shows that appellant did not comply with the provisions of Rule 353 aforesaid that we do not have jurisdiction of the appeal, and that we have no alternative but to dismiss the appeal under the Rule announced in Donald v. John Vinson, Inc., Tex.Civ.App., 344 S.W.2d 751, and cases there cited. But appellant contends that

under the doctrine announced in Tarver v. Godsey, Tex.Civ.App., 82 S.W.2d 1031 (April 1935), writ ref., that this Court has jurisdiction by virtue of the affidavit filed June 5, 1962 by attorney, the Honorable Steve Kazanas. We quote the pertinent parts of this affidavit:

"My name is Steve Kazanas. I am a licensed practicing attorney in Waco, McLennan County, Texas. I was and am the attorney for the plaintiff, Rienhard O. Schroeder in the above numbered cause. On May 10, 1962, Charles F. Koehne, Judge of the 54th District Court of McLennan County, Texas, overruled plaintiff's motion for a new trial and notified me of that fact by telephone. At that time I told Judge Koehne that 'I am going to appeal you.' Thereafter, a written order overruling the motion for a new trial was entered and I did not have an opportunity to read and approve the same, for it was not shown to me prior to the time it was entered. A day or two after May 10, 1962, I was in the courtroom at the 54th District Court and then and there announced to the Judge that 'I am going to appeal you.' I state for a fact that within ten days after May 10, 1962, I appeared in open court in the 54th District Court of McLennan County, Texas, and notified the Judge that I thought he was wrong and that I was going to appeal the case. Prior to May 10th, and the time in which the court overruled plaintiff's motion for a new trial I told P. M. Johnston, Attorney for the defendant, that 'if the court did not grant me a new trial, I was going to appeal.' I was mailed a copy of the order overruling the motion for a new trial and received it sometime after May 10, 1962, the exact time I do not know but I state for a fact that I did not read or approve it as to form and did not ever see it prior to the time it was entered."

We are of the view that the affidavit does not bring the appellant within the provisions of Rule 353 aforesaid in force and effect at the time in question. That Rule provides:

"Rule 353. Notice of Appeal

"(a) An appeal, when allowed by law, may be taken by notice of appeal (1) in open court, noted on the docket or embodied in the judgment, order overruling motion for new trial, or other minute of the court, or (2) filed with the clerk; such notice to be given or filed within ten days after the judgment or order overruling motion for new trial is rendered.

"(b) Such notice, when filed with the clerk, shall be sufficient if it state the number and style of the case, the court in which pending, and that appellant desires to appeal from the judgment or from some designated portion thereof."

We think it is obvious without discussion that the affidavit does not bring the appellant within the foregoing Rule.

Going back to Tarver v. Godsey, aforesaid, at the time that case was decided Articles 2253 and 2254 of the Revised Civil Statutes were in effect. We quote said articles:

"Article 2253. An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered by the appellant giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record, and by his filing with the clerk an appeal bond, where bond is required by law, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term. If the term of court may by law continue more than eight weeks, the bond or affidavit in lieu thereof shall be filed within twenty days after notice of

**918**

appeal is given, if the party taking the appeal resides in the county, and within thirty days, if he resides out of the county.

"Article 2254. In cases where the appellant is not required by law to give bond on appeal, the appeal is perfected by the notice provided for in the preceding article."

The Court pointed out in its opinion that the order excepting to the judgment of the lower court and giving notice of appeal provided:

"To which action and ruling of the court defendant Wm. Tarver excepted and gave notice of appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas."

The Court further points out:

"The transcript shows that the trial judge approved a draft of judgment that contained no exceptions and notice of appeal, and that the exceptions copied above were entered into the minutes below the signature of the judge approving the judgment. The exceptions do not contain the statement that appellant gave notice of appeal 'in open court,' as required by article 2253, R.C.S.1925, reading: 'In cases where an appeal is allowed, the appellant shall give notice of appeal in open court within two days after final judgment,' etc.; nor is that statement reflected anywhere in the transcript. This article of the statute is jurisdictional in its nature, and, unless the notice of appeal was given in open court, then it was error to overrule appellee's motion to dismiss. (Citing cases.)

"Though the jurisdictional requirements of article 2253 are not shown by the transcript, it is our duty to receive testimony by affidavit or otherwise on the issue as to whether or not notice of appeal was in fact given 'in open court.' See article 1822, which reads as follows: 'Said courts shall have power, upon affidavit or otherwise as by the courts may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction.'" (Citing cases.)

We are of the view that the foregoing language in the court's opinion points out and distinguishes the Rule in force and effect in 1935, and Rule 353 aforesaid, under which we are now governed. It follows that we are of the view that appellant failed to give the notice required by Rule 353 aforesaid, and that we do not have jurisdiction of this appeal. Accordingly the appeal is dismissed.